176 Wis.2d 205 (1993)
500 N.W.2d 331
STATE of Wisconsin, Plaintiff-Respondent,
v.
Shawnta WASHINGTON, Defendant-Appellant.[]
Nos. 92-1071-CR, 92-1072-CR.
Court of Appeals of Wisconsin.
Submitted on briefs February 3, 1993.
Decided March 30, 1993.
*207 For the defendant-appellant the cause was submitted on the briefs of Brennan & Collins by Russell D. Bohach, of counsel, of Milwaukee.
For the plaintiff-respondent the cause was submitted on the briefs of James E. Doyle, attorney general by William L. Gansner, assistant attorney general, of Madison.
Before Wedemeyer, P.J., Sullivan and Fine, JJ.
WEDEMEYER, P.J.
Shawnta Washington appeals from judgments of conviction for two counts of armed robbery, party to a crime, contrary to secs. 943.32(1)(b), 943.32(2) and 939.05, Stats., and for one count of operating a motor vehicle without owner's consent, contrary to sec. 943.23(3), Stats. Washington also appeals from orders denying his request for postconviction relief.
Washington raises two issues of error: (1) the trial court improperly denied his motion for postconviction relief requesting a guilty plea withdrawal based on ineffective assistance of counsel without an evidentiary hearing; and (2) the trial court erred in deciding his postconviction motion for modification of sentence based upon new factors without a hearing. Because Washington's postconviction motion failed to allege sufficient facts to warrant a Machner hearing, and because his postconviction motion failed to present sufficient facts for a hearing regarding sentence modification, we affirm.

I. BACKGROUND
On July 24, 1990, Washington pled guilty to a charge of operating a motor vehicle without the owner's consent (OMVWOC), a Class E felony with a two-year *208 maximum sentence. See secs. 943.23(3) and 939.50(3)(e), Stats. Approximately two months later, while free on bail waiting to be sentenced for the OMVWOC charge, Washington was arrested and charged with two counts of armed robbery, party to a crime. Armed robbery is a Class B felony, punishable by up to twenty years incarceration. See secs. 943.32(2) and 939.50(3)(b), Stats.
At a joint appearance in the two cases, Washington indicated that he wanted to resolve both cases at the same time. Consequently, the cases were consolidated. The case was then set over for the expected entry of guilty pleas to the armed robberies and a joint sentencing.
On January 4, 1991, Kathy Kappas, appointed counsel for Washington, informed the court that the defendant did not wish to proceed with a guilty plea and, in fact, wished to exercise his right to a speedy trial. Ms. Kappas stated that she would be unable to try the case within the speedy trial parameters and that another attorney would be appointed promptly to represent Washington. It was agreed that the armed robbery case would be tried on March 13, 1991.
On the morning of March 13, Washington appeared with Sandra Ruffalo, his newly appointed counsel, and indicated that he was prepared to proceed to trial on the armed robbery charges. The trial court informed Washington that his trial would commence shortly after lunchtime. Before the trial began, however, Washington reappeared before the trial court and stated that a plea agreement had been reached *209 whereby he would plead guilty to the armed robbery charges.[1]
The trial court proceeded to conduct a plea colloquy with Washington:
THE COURT: Okay. Sir, has your lawyer told you what the State would have to prove in order to establish your guilt?
SHAWNTA WASHINGTON: Yes.
THE COURT: Do you understand  did your lawyer explain to you that there were certain elements of the offense that the State would have to prove? SHAWNTA WASHINGTON: Well, it was brought to me that I had no chance at all, so I just took it like  you know, I'll just plead guilty.
THE COURT: Okay. Both of these counts involve offenses that occurred on October 3, 1990, at 3015 West Vliet Street in the City of Milwaukee, and in one count the victim was a Karen H. and the other count a Cynthia H. Do you understand that, sir?
SHAWNTA WASHINGTON: Yes.
. . . .
THE COURT: Okay. Let's go one step further, then. That  first of all, the State would have to prove that that crime was committed, in other words that either you or somebody else did those things. In addition to that, they would have to prove that you either directly did it or you aided and abetted somebody else in committing that crime. Now, do you understand that, sir?
SHAWNTA WASHINGTON: Yes.

*210 THE COURT: The Court then finds that the defendant understands the nature of the offenses that he is charged with.
Now, sir, has anybody promised you anything other than what I've been told or threatened you in any way in order to get you to plead guilty to these charges?
SHAWNTA WASHINGTON: No.
. . . .
THE COURT: Now, prior to signing [the guilty plea questionnaire], did your lawyer explain to you what the maximum penalties were for these offenses?
SHAWNTA WASHINGTON: Yes.
THE COURT: Did she explain to you that as judge I have not been involved in these negotiations, I'm not bound by them, I could impose up to the maximum penalties if I thought it was the right thing to do?
SHAWNTA WASHINGTON: Yes.
. . . .
THE COURT: Counsel, have you had ample opportunity to go over this matter with the defendant?
MS. RUFFALO: I have, Your Honor.
THE COURT: Would you indicate for the record the nature of your conversations with the defendant concerning his plea?
MS. RUFFALO: Your Honor, the defendant and I met in the county facility for an hour or so on Monday evening at which time he initially had decided that he would proceed with the plea. We've also had discussions off and on this morning for the last hour and a half, and he's had the opportunity additionally this morning to discuss it with two people who were in the back with him. He's indicated to me that he does wish to proceed.

*211 THE COURT: The Court finds the plea is intelligently, freely and voluntarily made.
The attorneys then stipulated that the facts alleged in the complaint provided a factual basis for the plea. The trial court questioned Washington as to whether he and Ms. Ruffalo had gone over the complaint. Washington answered that he had read the complaint, understood the statements contained therein, and found those statements to be substantially true. Based upon the stipulation of counsel, Washington's statements and the plea of guilty, the trial court found the defendant guilty as to each count.
The trial court proceeded to sentencing, based in part, on a presentence report that had been prepared after Washington's earlier guilty plea to the OMVWOC charge. Ms. Ruffalo and Washington stated that they had reviewed the presentence report and had no corrections to offer. Both Washington and Ruffalo addressed the trial court before sentencing was pronounced. The trial court sentenced Washington to a ten-year prison sentence on the first armed robbery count, a withheld sentence and a ten-year consecutive probation term on the second armed robbery count, and a concurrent two-year prison sentence on the OMVWOC count.
Subsequently, Washington filed a motion for post-conviction relief. Because our resolution of the case relies on the lack of factual assertions contained within the motion, we cite heavily from the text of the motion:
The above named defendant ... pursuant to Wisconsin Statute sec. 809.30(2)(h) hereby moves the circuit court of Milwaukee County as follows:
1. For an Order allowing the defendant to withdraw his guilty plea, ... based upon the fact that the defendant was not fully apprised in the nature and effect of his guilty plea and was unaware *212 of the consequences of the guilty plea at the time it was made, thereby constituting manifest injustice.
2. For an Order allowing the defendant to withdraw his guilty plea on the grounds that he was denied effective assistance of counsel and that the attorney representing the defendant at the time of the plea, Sandra Ruffalo, failed to keep him fully apprised of the events transpiring within his case, failed to completely review all of the necessary discovery material and other factual matters involved in the determination of the plea, failed to completely and fully investigate any and all matters which would be of importance in determining whether motions should be brought prior to the trial, whether the trial should proceed, and failing to completely investigate all matters which would be of importance in allowing the defendant to make a determination as to whether to proceed with a guilty plea, or continue to trial.
. . . .
4. For an order modifying the sentence of the defendant to a lesser term based upon the grounds that new factors exist, which were not brought forth to the court during the sentencing phase, and that such relevant information, would have a direct bearing on the sentence which the court rendered.
The motion was denied by written order of April 7, 1991. Washington now appeals.

II. DISCUSSION
A. Guilty Plea Withdrawal
Washington first argues that the trial court erred by denying his motion to withdraw his guilty plea due to his counsel's ineffectiveness. More specifically, Washington asserts that the trial court was in error *213 because it denied the motion without an evidentiary hearing.
[1]
Following sentencing, a defendant who seeks to withdraw a guilty or nolo contendere plea carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a "manifest injustice." See State v. Booth, 142 Wis. 2d 232, 235, 237, 418 N.W.2d 20, 21, 22 (Ct. App. 1987). As noted by the supreme court:
The rationale behind the use of this higher standard of proof is that once the guilty plea is entered the presumption of innocence is no longer applicable, and when the record on its face shows that the defendant was afforded constitutional safeguards, the defendant should bear the heavier burden of showing that his plea should be vacated. Once the defendant waives his constitutional rights and enters a guilty plea, the state's interest in finality of convictions requires a high standard of proof to disturb that plea.
State v. Walberg, 109 Wis. 2d 96, 103, 325 N.W.2d 687, 691 (1982) (footnote omitted).
The "manifest injustice" test for withdrawal of a guilty plea after sentencing was adopted in State v. Reppin, 35 Wis. 2d 377, 385-86, 151 N.W.2d 9, 13-14 (1967). In Reppin, the supreme court accepted the 1967 tentative draft of what is now the plea withdrawal standard, sec. 14-2.1 of the American Bar Association's (ABA) Standards for Criminal Justice (2d ed. supp. 1986).Id. Section 14-2.1 provides that, after sentencing, a motion to withdraw a guilty plea shall only be granted upon a showing of "manifest injustice." By way of example, sec. 14-2.1 presents six factual scenarios *214 that could constitute "manifest injustice," one of which is ineffective assistance of counsel.[2]
On appeal, Washington asserts that this case presents a "manifest injustice" factual scenarioineffective assistance of counselwhich should allow him to withdraw his guilty plea. Washington raised this issue in his motion for postconviction relief. The trial court denied the motion by written order, without a hearing. Washington takes issue with the fact that he was denied the opportunity to present evidence demonstrating the ineffectiveness of his attorney. Washington posits that State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), requires that any claim based upon ineffectiveness of trial counsel result in a hearing before the trial court. We disagree.
[2]
The mere assertion of a claim of "manifest injustice," in this case the ineffective assistance of counsel, does not entitle a defendant to the granting of relief or even a hearing on a motion for withdrawal of a guilty plea. A conclusory allegation of "manifest injustice," unsupported by any factual assertions, is legally insufficient. As noted by the supreme court in the case of *215 Nelson v. State, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629, 633 (1972) (footnote omitted):[3]
We here determine that if a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing. However, if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing. It is incumbent upon the trial court to form its independent judgment after a review of the record and pleadings and to support its decision by written opinion.
Our inquiry necessarily begins with a careful review of Washington's motion to withdraw the guilty plea. Were Washington to have alleged sufficient facts to support his claim that he was denied the effective assistance of counsel, we would have to remand for an evidentiary hearing on the issue. We conclude, however, that Washington's motion, though replete with conclusory allegations, contains no factual assertions entitling him to a hearing. Assertions that his attorney "failed to keep him fully apprised of the events," "failed to completely review all of the necessary discovery material" and "failed to completely and fully investigate *216 any and all matters" are simply not the type of allegations that raise a question of fact.
[3]
We conclude that the trial court acted appropriately in denying Washington's motion to withdraw his guilty plea without a hearing. The trial court, as directed by Nelson, formed an independent judgment after reviewing the record and set forth its reasons in a detailed opinion. We note that there is not a requirement that a postconviction motion set forth all the operative facts of an alleged ineffective assistance claim; however, the motion must contain at least enough facts to lead the trial court to conclude that an evidentiary hearing is necessary. Otherwise, the hearing as required by Machner, simply does not come into play.
B. Sentence Modification
Washington's second claim of error is that the trial court, by not allowing a hearing on the issue relating to new factors, improperly denied his request for a sentence modification.
[4-6]
As noted correctly by Washington, sentencing determination issues should be raised with the trial court. State v. Meyer, 150 Wis. 2d 603, 606, 442 N.W.2d 483, 485 (Ct. App. 1989). Further, a "new factor" for sentence modification purposes is a fact or set of facts that is relevant to sentencing but that was unknown to the court when the defendant was originally sentenced, either because the facts did not then exist or could not have been known at the time. Rosado v. State, 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975). Thus, it was incumbent upon Washington in his postconviction motion to both properly raise the issue of a new factor with the trial court, and to alert the trial court to what *217 new factors existed. Here, Washington made the bald assertion that "new factors exist, which ... would have a direct bearing on the sentence which the court rendered." In the absence of any development of this skeletal claim, the trial court had no obligation to give plenary consideration to Washington's motion.
By the Court.Judgments and orders affirmed.
NOTES
[] Petition to review denied.
[1] Prior to his entry of a guilty plea to the armed robbery charges, Washington completed and signed a guilty plea questionnaire in the presence of his attorney, Sandra Ruffalo.
[2] The examples include: (1) ineffective assistance of counsel; (2) the defendant did not personally enter or ratify the plea; (3) the plea was involuntary; (4) the prosecutor failed to fulfill the plea agreement; (5) the defendant did not receive the concessions tentatively or fully concurred in by the court, and the defendant did not reaffirm the plea after being told that the court no longer concurred in the agreement; and (6) the court had agreed that the defendant could withdraw the plea if the court deviated from the plea agreement. ABA Standards for Criminal Justice sec. 14-2.1(b)(ii)(A)-(F).
[3] Washington argues that Nelson is inapplicable because that case dealt with a motion to withdraw a guilty plea pursuant to sec. 974.06, Stats., whereas, in the present case, the motion was brought pursuant to sec. 809.30, Stats. Washington, however, gives no reasons as to why this distinction should be drawn and we see none.