In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2507

LONDON TRIPLETT,

*Plaintiff-Appellant*,

*v.*

JENNIFER MCDERMOTT, WARDEN,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:17-cv-00660-WCG — **William C. Griesbach**, *Judge.*

ARGUED NOVEMBER 4, 2020 — DECIDED MAY 12, 2021

Before EASTERBROOK, RIPPLE, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge.* London Triplett seeks relief pursuant to 28 U.S.C. § 2254, for the alleged ineffectiveness of his counsel in a state criminal proceeding. Triplett contends that he would not have pleaded guilty to certain charges had he understood that other, dismissed charges could be considered by the sentencing judge when they were "read in" at sentenc-

ing. Because the decision of the Wisconsin Court of Appeals rejecting Triplett's ineffectiveness claim rests on an adequate and independent state ground—Triplett's failure to allege objective facts in support of his claim of prejudice from his attorney's erroneous advice—we conclude that habeas relief is foreclosed to him. We therefore affirm the district court's judgment, but on a different ground.

## I.

Triplett pleaded guilty in Wisconsin state court to three charges of human trafficking, pimping and pandering, and possession of a firearm by a felon. These three charges were among a series of 20 charges (including charges of attempted first-degree homicide and kidnapping) in an amended information that arose out of Triplett's trafficking of three women as prostitutes. The case against Triplett was resolved three days prior to the scheduled trial by way of a plea agreement. Triplett agreed to plead guilty to the three charges we have just mentioned, the State agreed to have the remaining 17 charges dismissed and "read-in" at sentencing (which essentially allowed the sentencing judge to consider them as relevant conduct), Triplett's total sentencing exposure was reduced from 354 years in prison to a maximum of 47.5 years, and the State agreed to recommend that the sentences on each of the three counts of conviction should run concurrently, but not to recommend a sentence of any particular length. Triplett was represented by attorney Patrick Earle.

At the change of plea hearing, the judge confirmed with counsel that, pursuant to the parties' agreement, the dismissed charges would be read-in at sentencing. Earle acknowledged

this but added that Triplett did not admit the truth of the charges. The judge asked Triplett whether he had reviewed with his attorney and signed a written plea questionnaire and waiver of rights in connection with the plea agreement and Triplett said that he had. In signing that document, Triplett acknowledged that: "I understand that if any charges are read-in as part of a plea agreement, they have the following effects: Sentencing — although the judge may consider read-in charges when imposing sentence, the maximum penalty will not be increased. …" Triplett's signature also constituted confirmation that he had read and understood the form and had reviewed it with his attorney. Earle likewise signed the form, confirming that he had reviewed it with his client and believed that Triplett understood its contents. At the conclusion of the change of plea hearing, the court accepted Triplett's plea and adjudged him guilty.

At sentencing, the State asked the court to sentence Triplett to an unspecified term in prison and that it order his sentences on the three counts of conviction to run concurrently. The State referred to the read-in charges in its presentation, and in particular to the attempted homicide charge. On Triplett's behalf, Earle emphasized again that his client was not admitting the dismissed read-in charges, adding that "there are different types of read-ins." Earle admitted that Triplett had trafficked "these women," had used heroin with them, and had lived in a household with them that was sustained by the proceeds of their prostitution. Earle recommended a sentence of seven years. Triplett, for his part, admitted to having a "hand" in the relevant events but indicated that some of the

things said about him in the criminal complaint that initiated
the prosecution were not true.

The judge ordered Triplett to serve concurrent terms of
eight years on the felon-in-possession count, 11 years on the
pimping or pandering count, and 20 years on the human
trafficking count. The latter sentence is the controlling one, and
it requires Triplett to serve 11 years in prison followed by nine
years of extended supervision (for a total sentence of 20 years).

In a post-conviction proceeding, Triplett filed a motion
seeking to withdraw his guilty plea. A public defender,
Marcella De Peters, was appointed to represent him. De Peters
submitted an affidavit in support of Triplett's motion indicat-
ing that (a) Triplett represented to her that Earle had assured
him the sentencing judge could not consider the read-in
charges at sentencing because Triplett was not admitting to the
conduct underlying those charges and there were different
types of read-ins; (b) based on that assurance, Triplett did not
believe that his sentence could be affected by the dismissed
read-in charges; (c) had he known that the court *could* consider
the read-in charges, he would have gone to trial rather than
pleading guilty; (d) De Peters had spoken with Earle, who
confirmed that he told Triplett that the court could not con-
sider the read-in charges because there were different types of
read-in charges and Triplett was not admitting the truth of
those charges; and (e) based on her discussion with Earle, De
Peters believed that he had an incorrect understanding of
Wisconsin law on the matter of read-in charges.

Without conducting an evidentiary hearing, the trial court
denied Triplett's motion to withdraw his guilty plea. The court

determined that even if Earle had given Triplett incorrect advice as to the read-charges, Triplett was not prejudiced by the advice. The plea questionnaire and waiver of rights warned Triplett that the court could, in fact, consider the read-in charges, and Triplett had acknowledged that warning by signing the form. The court also represented that it had not considered the read-in charges at sentencing.

The Wisconsin Court of Appeals affirmed Triplett's conviction and sentence along with the denial of his motion to withdraw his guilty plea. The court found that an evidentiary hearing was not warranted on the merits of his withdrawal motion, because even assuming that Triplett had alleged sufficient facts to show that Earle's advice to him was mistaken, Triplett had not adequately alleged that he was prejudiced by his counsel's ineffectiveness: Although Triplett averred generally that he would not have pleaded guilty had he known that the plea permitted the court to consider the read-in charges at sentencing, he did not allege any specific, objective facts which supported that assertion, as Wisconsin law required him to do. The Wisconsin Supreme Court denied his petition for review.

Triplett then filed his petition for a writ of habeas corpus in the district court. As relevant here, Triplett pursued multiple claims of attorney ineffectiveness. Because all of these claims were based on attorney Earle's mistaken advice as to the read-in charges, we will treat them as a single ineffectiveness claim for ease of discussion.

Judge Griesbach denied the petition on the merits. He rejected the State's threshold argument that Triplett had

procedurally defaulted his ineffectiveness claim. Although the Wisconsin court of appeals had indicated that Triplett failed to support his claim with objective facts showing that he was prejudiced by Earle's alleged ineffectiveness, Judge Griesbach construed that holding as one that was interwoven with the state court's assessment of the merits of the ineffectiveness claim. But he concluded nonetheless that the claim did not warrant relief under section 2254. Triplett had signed the plea questionnaire and waiver of rights acknowledging that the read-in charges could be considered at sentencing regardless of what his attorney might have told him. Moreover, the discussion of those charges at the change of plea hearing would have confirmed to Triplett that these charges could be taken into account: "Triplett must have been aware that the sentencing judge could consider the read-in offenses even if he did not admit the underlying conduct." Additionally, the sentencing judge on post-conviction review indicated that he had *not* considered the read-in charges at sentencing. And, finally, the state court of appeals had reasonably deemed incredible Triplett's allegation that he would have rejected a guilty plea and gone to trial had he understood that the read-in charges could be considered at sentencing.

Judge Griesbach issued a certificate of appealability as to Triplett's claim that Earle was ineffective in failing to properly advise him concerning the read-in charges, paving the way for this appeal.

## II.

Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law

ground that is adequate and independent of the merits of the federal claim. *E.g., Johnson v. Lee*, 136 S. Ct. 1802, 1803–04 (2016) (per curiam); *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015). The ground is adequate if it is "firmly established and regularly followed as of the time when the procedural default occurred." *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014); *see also Lee*, 136 S. Ct. at 1804. It is independent of federal law if it does not depend on the merits of the petitioner's claim. *Stewart v. Smith*, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (per curiam). By contrast, "if it 'fairly appears' that the state court rested its decision primarily on federal law or is interwoven therewith, a federal court may review the federal question unless the state court's opinion contains a 'plain statement' that its decision rests on state grounds." *Richardson*, 745 F.3d at 269 (quoting *Harris v. Reed*, 489 U.S. 255, 261, 109 S. Ct. 1038, 1042 (1989)). To bar federal review, the state law ground must also have been invoked and actually relied upon by the last state court to consider the petitioner's claim, here the Wisconsin Court of Appeals. *Harris*, 489 U.S. at 261–62, 109 S. Ct. at 1042–43.

In this case, the Wisconsin Court of Appeals held that Triplett was not entitled to an evidentiary hearing on the merits of his ineffectiveness claim (described as a *Machner* hearing in Wisconsin case law[1]) because he had failed to support his claim of prejudice with objective facts, as Wisconsin law requires. *See State v. Bentley*, 548 N.W.2d 50, 55 (Wis. 1996) ("A defendant must do more than merely allege that he would have pled differently; such an allegation must be

---

[1] *State v. Machner*, 285 N.W.2d 905 (Wis. Ct. App. 1979).

supported by objective factual assertions."); *State v. Allen*, 682 N.W.2d 433, 438–39 (Wis. 2004). Instead, Triplett, via De Peters' affidavit, had only conclusorily alleged that he would have gone to trial had he realized that the sentencing judge was free to consider the read-in charges.

This was an adequate and independent ground for the state court's decision. The court cited a pleading rule articulated by the Wisconsin Supreme Court and held that Triplett had not complied with the rule so as to warrant an evidentiary hearing on the merits of his claim. The court specifically cited De Peters' allegation that Triplett would have gone to trial but for Earle's mistaken advice as to the read-in charges as conclusory and insufficient to show prejudice, absent any additional objective factual allegations to support it.

It is true that the court, in reaching this conclusion, noted that Triplett had substantially reduced his sentencing exposure by pleading guilty, and that even without the read-in charges, it would have been apparent to the sentencing judge that Triplett was engaged in the business of pimping women. But we understand these observations as merely illustrating why it was not obvious that Triplett would have gone to trial rather than plead guilty and why additional, objective factual allegations were necessary to make a preliminary showing of prejudice sufficient to warrant an evidentiary hearing on the merits of his ineffectiveness claim. Indeed, immediately after making the remarks that the district court interpreted as merits-related, the appeals court went on to reiterate that "Triplett does not assert any facts that support his conclusory allegation that he would have foregone the substantial benefits

of the plea agreement and have gone to trial had counsel correctly informed Triplett about the read-ins."

In short, the state court of appeals' decision was focused entirely on the adequacy of Triplett's pleading; nowhere is there a finding as to the merits of his ineffectiveness claim. For these reasons, the district court was mistaken to say the appellate court's holding was interwoven with the merits of that claim. The appellate court's decision makes clear that its holding was independent of the merits of the ineffectiveness claim and rested instead on Triplett's failure to comply with an independent state procedural rule as to the manner in which such a claim must be pleaded.

In his reply brief, Triplett argues that it was the State's burden to show that the pleading rule the Wisconsin court of appeals relied on is "adequate," in the sense that it is regularly and consistently applied by Wisconsin courts. But this court has already held that the rule in question "is a well-rooted procedural requirement in Wisconsin and is therefore adequate." *Lee v. Foster,* 750 F.3d 687, 694 (7th Cir. 2014). So there can be little doubt as to the adequacy of this as a ground for the state court's decision.

Triplett also contends that the State waived reliance on the procedural bar by not raising it in the state court proceedings. Even if the State can be faulted in this regard, the Wisconsin appellate court nonetheless recognized and relied on Triplett's procedural default; any waiver of the default by the State was for the state court to recognize or ignore as it chose. It is not our business to police the application of state rules and practices. *See Barksdale v. Lane*, 957 F.2d 379, 383–84 (7th Cir.

1992) ("A federal court sitting in habeas corpus is required to respect a state court's finding of waiver or procedural default under state law. Federal courts do not sit to correct errors made by state courts in the interpretation and application of state law.") (quoting *Williams v. Lane*, 826 F.2d 654, 659 (7th Cir. 1987)); *see also Lee*, 750 F.3d at 694; *Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992). And whatever may have occurred in state court, there is no question that the State preserved and relied upon Triplett's default in the district court and in this court.

Despite his procedural default, Triplett might secure review on the merits of his claim if he were to establish cause for the default and resulting prejudice, *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017), but he has not made that showing. We may take it as a given that Triplett can show cause for the default. He was represented by counsel as of right when he filed the post-conviction motion to withdraw his guilty plea, which laid the groundwork for the claim on direct appeal of his conviction that Earle gave him incorrect advice as to the consequences of the plea agreement vis-à-vis the read-in charges and that the trial court erred in refusing him a hearing on the merits of his ineffectiveness claim. *See Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014) (noting that Wisconsin law expressly allows and in most cases requires criminal defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled direct appeal, and provides an opportunity to develop an expanded record in post-conviction proceedings for that purpose) (citing *State v. Evans*, 682 N.W.2d 784, 793–94 (Wis. 2004), *abrogated on other grounds by State ex rel. Coleman v. McCaughtry*, 714 N.W.2d 900 (Wis. 2006)). We may assume without deciding that the claim of Earle's ineffective assistance

was a substantial one and that De Peters' failure to preserve the claim by alleging objective facts supporting an inference that Triplett was prejudiced by Earle's mistaken counsel itself constituted ineffective assistance by De Peters and thus cause for the default. But as to prejudice, the record exhibits multiple deficiencies. It is Triplett's burden to show that there is a reasonable probability that he would have prevailed on the motion to withdraw his guilty plea had he been granted an evidentiary hearing on the merits of the motion. And this of course merges with the underlying question of whether he was prejudiced by attorney Earle's advice as to the read-in charges. Ultimately, then, Triplett must convince us that there is a reasonable probability that the outcome of the plea process would have been different but for Earle's ineffectiveness. *Hill v. Lockhart*, 474 U.S. 52, 59–60, 106 S. Ct. 366, 370–71 (1985); *Brock-Miller v. United States*, 887 F.3d 298, 311–13 (7th Cir. 2018). Triplett has not made such a showing. We may set aside in the first instance the hearsay nature of De Peters' affidavit: she submitted that affidavit in order to demonstrate why the state court should conduct a hearing on Triplett's request to withdraw his guilty plea, and we may assume that the form and content of the affidavit were sufficient for that purpose. But we are nonetheless left with the same problem that the state appellate court emphasized: the record as to Triplett's decisionmaking is conclusory. Triplett has not demonstrated why the sentencing judge's ability to consider the read-in charges was critical to his decision to plead guilty.[2] Nor, as the

---

[2] The State has conceded before this court that the sentencing judge in fact

(continued...)

district court pointed out, has Triplett explained why the terms
of the plea questionnaire and waiver of rights themselves or
the discussion of the plea agreement at sentencing did not
disabuse him of the mistaken notion that the sentencing judge
could not consider the read-in charges when imposing a
sentence. Moreover, given the substantial reduction in the
sentencing exposure resulting from the plea agreement, it is
not apparent, as the state appeals court noted, why Triplett
would have rejected the plea deal but for the erroneous advice
from Earle. We take Triplett's point that it is the actual sentence
rather than the sentencing range that matters in this respect.
But, again, Triplett has not elaborated on why he would have
rejected the plea deal even had he anticipated that consider-
ation of the read-in charges might result in a prison term as
long as eleven years, given the possibility that he might have
faced an even longer term had the other charges not been
dismissed. In sum, Triplett has not shown that there is a
substantial probability that the outcome of the plea process
would have been different had Earle advised him differently.

### III.

Because the state court's decision rejecting Triplett's claim
of ineffectiveness rests on an adequate and independent state
law ground—his failure to plead objective facts supporting his
assertion that he was prejudiced by his attorney's incorrect

---

[2] (...continued)
did consider the read-in charges in arriving at the sentence it imposed on
Triplett. It is, however, a separate question whether Triplett would have
rejected the plea agreement had Earle made clear to him that the agreement
authorized the sentencing judge to do so.

advice—we cannot reach the merits of his claim. Even assuming that Triplett can establish cause for his procedural default in the form of attorney ineffectiveness, he has not demonstrated actual prejudice resulting from that ineffectiveness that would permit us to reach the merits of his claim despite the default. On this basis, we AFFIRM the district court's judgment.