In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1268

PETER WHYTE,

*Petitioner-Appellant,*

*v.*

DAN WINKLESKI, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:12-cv-00486 — **Nancy Joseph**, *Magistrate Judge.*

ARGUED NOVEMBER 9, 2021 — DECIDED MAY 19, 2022

Before EASTERBROOK, KANNE, and BRENNAN, *Circuit
Judges.*

BRENNAN, *Circuit Judge.* A jury convicted Peter Whyte of
second-degree intentional homicide for killing his girlfriend.
In this appeal from the denial of his habeas corpus petition
under 28 U.S.C. § 2254, Whyte argues his constitutional rights
were violated when, at trial, he was required to wear a stun
belt in front of the jury. He also presses related ineffective as-
sistance of counsel allegations. Because Whyte's claims are

procedurally defaulted under adequate and independent state grounds, federal review is foreclosed, and we affirm the district court.

**I**

**A**

In August 2006, Whyte and his girlfriend, Suzanne Weiland, returned to their cabin in St. Croix County, Wisconsin after a night of drinking. Whyte declined Weiland's sexual advances and the couple began to quarrel. Enraged, Weiland lunged at Whyte with a knife, stabbing him in the chest. Whyte fell to the floor but was able to pull himself back up. Then Weiland attacked again, stabbing Whyte in his stomach. Whyte knocked Weiland back and pulled out the knife. Armed with a second knife, Weiland again charged at Whyte. This time, Whyte grabbed Weiland by the hand and stabbed her twice in the back with the knife he had removed from his stomach. The couple fell to the floor while attacking each other. Whyte continued to stab Weiland until she stopped struggling. Whyte passed out, and when he woke up, Weiland was dead beside him.

Weiland received nineteen total stab wounds, including three to her neck severe enough to have caused her death within minutes. Whyte was stabbed eight to ten times. The physician who performed Weiland's autopsy testified that she died with a 0.31 blood alcohol concentration.[1] Weiland, five feet, seven inches in height and weighing 150 pounds, was

---

[1] That is, .31 grams of alcohol per 100 milliliters of blood. In comparison, Wisconsin's legal limit for driving a motor vehicle is a blood alcohol concentration of .08. The record is unclear as to Whyte's blood alcohol concentration at the time.

notably smaller than Whyte, who measured six feet, four inches and weighed 283 pounds.

Whyte was charged with first-degree intentional homicide. At trial, Whyte did not dispute that he killed Weiland, but raised self-defense—that he reasonably believed he was using the force necessary to prevent imminent death or great bodily harm to himself.

During trial Whyte was required to wear a stun belt, "used to restrain prisoners, often in courtrooms where a prisoner who acts up can frighten and even injure jurors, the judge, the lawyers, and spectators." *Stephenson v. Neal*, 865 F.3d 956, 958 (7th Cir. 2017). When used in court, "an officer is authorized to send an electric shock to a box on the stun belt that contains electrical wires, should the prisoner become violent or otherwise disrupt the proceeding; the shock disables the prisoner from acting up." *Id.* The judge preapproved a request from the sheriff's office for Whyte to wear the stun belt at trial. The sheriff's office requested the device "out of an abundance of caution," and while the judge admitted that Whyte had "been fine," he nevertheless ordered Whyte to wear the belt because Whyte was "a large man" who "may be an emotional person."

Although the judge and the parties' counsel believed Whyte would wear the stun belt under his clothes so the jury would not see it, Whyte ultimately had to wear the belt over his dress shirt. Throughout the trial, Whyte's counsel tried to conceal the belt by standing in front of the jury whenever Whyte entered the courtroom. The parties dispute whether the jury ever saw the stun belt or understood the nature of the device, and the record is silent on both points. But they do not disagree that the belt interfered with Whyte's ability to explain the events surrounding Weiland's death. When Whyte

took the stand to testify, he declined to reenact the altercation with Weiland for fear the jury would see the device and draw negative inferences. Whyte also claims the belt had a chilling effect on his testimony, rendering his account of the incident "stilted" and "emotionless," a point the State underscored in its closing argument. Despite these limitations, Whyte's trial counsel did not object to the stun belt's use.

The jury was instructed on the elements of both first- and second-degree intentional homicide. For the latter charge, the jury was informed that Whyte would be guilty "if [he] caused the death of Suzanne Weiland with the intent to kill, and actually believed the force used was necessary to prevent imminent death or great bodily harm to himself, but his belief was unreasonable." The jury found Whyte guilty of second-degree intentional homicide, and he was sentenced to forty years of incarceration followed by twenty years of extended supervision.

Whyte appealed his conviction and his counsel raised a single issue—that the admission into evidence of Weiland's statements about her relationship with Whyte violated the Sixth Amendment's Confrontation Clause. The Wisconsin Court of Appeals disagreed, holding that "the error, if any, in admitting the challenged testimony was harmless" and that "[n]one of the challenged statements bear on the jury's determination whether the amount of force used was reasonable." Whyte's petition to the Wisconsin Supreme Court to review that decision was denied.

**B**

Following his losses on direct appeal, Whyte, representing himself, petitioned the district court for relief under 28 U.S.C.

§ 2254. Because Whyte had not exhausted his available state remedies, the court held his petition in abeyance and stayed the proceedings.

*Postconviction Proceedings*. Whyte turned back to the state trial court and, still acting pro se, moved for postconviction relief under WIS. STAT. § 974.06 as well as to modify his sentence. In his motions, Whyte raised several new claims he had not pursued on direct appeal or in a § 974.02 motion[2], including a due process claim premised on the stun belt, ineffective assistance of trial counsel for failing to object to the stun belt, and ineffective assistance of postconviction counsel for neglecting to raise those claims.[3] The state trial court denied

---

[2] "In Wisconsin's postconviction process, an offender's initial step in challenging a sentence is a postconviction motion filed under WIS. STAT. § 974.02, which allows the trial court the first opportunity to consider certain challenges." *Minnick v. Winkleski*, 15 F.4th 460, 465 n.3 (7th Cir. 2021).

[3] Whyte's counsel after trial is variously referred to as "postconviction counsel," "appellate counsel," or a combination of both. But there is a difference between these two functions. Under Wisconsin law, a claim for ineffective assistance of postconviction counsel alleges deficient representation in the state trial court, and such claims are to be raised in that court. *State ex rel. Warren v. Meisner*, 944 N.W.2d 588, 593, 595 (Wis. 2020). In contrast, a claim for ineffective assistance of *appellate* counsel concerns that attorney's performance in the state appellate court, and those claims should be brought in a habeas petition in that court. *Id.* at 592, 595.

Here, Whyte's pro se § 974.06 motion alleged that "post-conviction counsel unreasonably failed … to identify and raise the substantive and trial ineffectiveness claims identified in this motion." Because the Wisconsin Supreme Court has treated similar pleadings as claims for ineffective assistance of postconviction counsel, and because the Wisconsin Court of Appeals addressed Whyte's claim without requiring him to first raise it in a state habeas proceeding, we refer to Whyte's argument as a claim for ineffective assistance of postconviction counsel. *Id.* at 596–97 (construing

Whyte's motions without a hearing, finding that his claims either lacked merit or were procedurally barred by *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), because Whyte did "not rais[e] the majority of his issues in his direct appeal."

Whyte appealed the state trial court's denial of his postconviction motions. The Wisconsin Court of Appeals affirmed, concluding that WIS. STAT. § 974.06(4) and *Escalona-Naranjo*—which require litigants to initially raise claims for postconviction relief in a § 974.02 motion or on direct appeal—precluded Whyte's motions. Whyte argued he fell within an exception to this rule, which allows defendants to raise new constitutional challenges if they can show "sufficient reason" for not asserting the issue earlier. His ineffective assistance of trial counsel and stun belt claims fell within this exception, Whyte reasoned, because his postconviction counsel was ineffective by not raising these issues, thus constituting a "sufficient reason" for his tardiness.

But the state appellate court decided that Whyte's claim for ineffective assistance of postconviction counsel was itself procedurally defaulted because Whyte's pleadings on that issue were inadequate. Under *State v. Allen*, a defendant's motion must "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." 682 N.W.2d 433, 437 (Wis. 2004). In his postconviction motion, Whyte stated that, "[a]t a hearing, the defendant will establish that post-conviction counsel's deficient performance prejudiced him."

---

petitioner's claim "that his counsel after conviction 'was ineffective for not raising a claim for the ineffective assistance of trial counsel'" as a "claim that postconviction counsel was ineffective").

Because Whyte's pleading contained "only conclusory and legally insufficient allegations that postconviction counsel was ineffective," the court determined that Whyte's postconviction counsel claim was barred by *Allen*'s pleading standards. And since that claim failed, Whyte was left without a "sufficient reason" to evade *Escalona-Naranjo*'s procedural bar on his claims for the stun belt and ineffective assistance of trial counsel.

In addition to its procedural holding, the state appellate court addressed the merits of Whyte's claims. Whyte argued his trial counsel was ineffective for, among other things, "fail[ing] to object to the visibility of the stun belt," but the court disagreed, concluding that Whyte failed to show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). "[T]here was overwhelming evidence of Whyte's guilt," the court reasoned, "including the size disparity between Whyte and the victim; the victim's intoxication; and the sheer number of stab wounds the victim suffered, many of which could have been independently fatal." The court continued: "In light of the overwhelming evidence of Whyte's guilt, trial counsel's alleged deficiencies—either individually or collectively—do not undermine our confidence in the outcome at trial." Because Whyte's challenge to the effectiveness of trial counsel lacked merit, the court further concluded that "Whyte's derivative challenge to the effectiveness of his postconviction counsel likewise fails." Whyte appealed the state appeals court's decision, but the Wisconsin Supreme Court denied his petition for review.

*Habeas Proceedings*. Back in federal court, Whyte amended his § 2254 petition and the district court lifted the stay on the

proceedings.[4] Whyte raised three issues—the visibility of the stun belt and its effect on the trial proceedings, his trial counsel's failure to object to the device, and his postconviction counsel's failure to raise those claims.

The district court rejected each of Whyte's claims and denied his habeas petition. Citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), the court highlighted that "[h]abeas relief is available only for state court decisions that are contrary to *federal* law," and that federal courts "may not review whether a state court properly applied its own state laws." Applying this rule, the district court held that Whyte was not entitled to federal habeas relief for his stun belt claim because the state court dismissed it under WIS. STAT. § 974.06(4) and *Escalona-Naranjo*, which constitute adequate and independent state procedural grounds foreclosing federal review. Whyte's claim of ineffective assistance of trial counsel fared no better. The state appellate court resolved that issue under the same state procedural rules, although the district court chose to affirm the state appellate court's decision under a traditional *Strickland* analysis, concluding that Whyte had not shown prejudice stemming from his trial counsel's performance. On Whyte's claim that his postconviction counsel was constitutionally deficient, the district court reasoned that this issue was also barred from federal review because the state court

---

[4] Following the failed postconviction motion, and before he amended his federal habeas petition, Whyte filed a pro se petition for a writ of habeas corpus in state court. Whyte's state habeas petition did not raise the stun belt or related challenges to his trial and postconviction counsel's performances, focusing instead on unrelated ineffective assistance of postconviction counsel issues that are not before us. The Wisconsin Court of Appeals denied Whyte's petition, and the Wisconsin Supreme Court again denied review.

had ruled that this claim was insufficiently pleaded under *Allen*—another adequate and independent state procedural rule.

Whyte now appeals the district court's denial of his § 2254 petition. He challenges the constitutionality of the stun belt's use and raises related claims of ineffective assistance of counsel.

## II

We begin with procedural default. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021). "Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" *Garcia*, 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010)). "We review questions of procedural default de novo." *Id.*

In *Escalona-Naranjo*, the Supreme Court of Wisconsin held that a defendant forfeits the right to raise a constitutional issue in a WIS. STAT. § 974.06 postconviction motion "that could have been raised on direct appeal or in a sec. 974.02 motion." 517 N.W.2d at 164 (emphasis omitted); *see* Matthew M. Fernholz, *Collateral Damage: A Guide to Criminal Appellate, Postconviction, and Habeas Corpus Litigation in Wisconsin*, 98 MARQ. L. REV. 1351, 1355–57 (2015) (discussing *Escalona-Naranjo*'s

analysis of § 974.06). In other words, "a defendant must raise all available claims for relief, including *Strickland* claims, at the earliest opportunity," or else such claims are procedurally defaulted. *Garcia*, 28 F.4th at 772 (citing *Escalona-Naranjo*, 517 N.W.2d at 162). But procedural default may be excused if the defendant can show a "sufficient reason" for not raising the issue earlier. *Escalona-Naranjo*, 517 N.W.2d at 162 (quoting WIS. STAT. § 974.06(4)). This court has held that *Escalona-Naranjo*'s bar constitutes an adequate and independent state procedural ground, which forecloses federal review. *Garcia*, 28 F.4th at 767; *Perry v. McCaughtry*, 308 F.3d 682, 690, 692 (7th Cir. 2002).

With this framework in mind, we ask whether Whyte's present claims were barred by the Wisconsin Court of Appeals on adequate and independent procedural grounds. If so, we must assess whether Whyte has shown "cause" for and "prejudice" from the default. Without such a showing, federal habeas review is precluded.

On the first question, it is undisputed that Whyte failed to challenge the stun belt or the effectiveness of his trial counsel, either on direct appeal or in a § 974.02 motion. His only argument on direct appeal alleged that admitting Weiland's statements violated the Confrontation Clause, a claim Whyte abandoned in the district court. Not until Whyte's motion for postconviction relief under § 974.06(4) did he dispute the requirement that he wear a stun belt at trial and raise the related claim of ineffective assistance of counsel. For this reason, the Wisconsin Court of Appeals ruled that "the claims raised in Whyte's WIS. STAT. § 974.06 motion, and repeated in his motion for sentence modification, are barred by WIS. STAT. § 974.06(4) and *State v. Escalona-Naranjo*."

Nevertheless, Whyte attempts to show "cause" for and "prejudice" from this procedural default by arguing his postconviction counsel was constitutionally defective for failing to raise the stun belt and ineffective assistance claims. As the Supreme Court has held, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim," which "require[s] *that* constitutional claim, like others, to be first raised in state court." *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). "In other words, the claim of ineffective assistance must be raised in state court before it can suffice on federal habeas relief as 'cause' to excuse the default of another claim (even if that other claim is also ineffective assistance of counsel)." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002). "If the second claim of ineffective assistance of counsel is itself defaulted, the petitioner will be fully defaulted." *Id.*; *see Garcia*, 28 F.4th at 775 n.3. Thus, deficient performance by Whyte's postconviction counsel can serve as a basis to avoid procedural default only if that claim is itself not defaulted.

Whyte did raise the ineffective assistance of postconviction counsel issue in his § 974.06 motion. He argued that his postconviction counsel's failure to assert claims as to the stun belt and the ineffectiveness of trial counsel were a "sufficient reason" under *Escalona-Naranjo* to excuse defaulting on those claims. But the state appellate court held that state procedural rules barred Whyte's claim of ineffective assistance of postconviction counsel. To understand the state court's reasoning, an explanation of Wisconsin's pleading standards is useful.

The Supreme Court of Wisconsin has ruled that "ineffectiveness of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or

on direct appeal." *State v. Romero-Georgana*, 849 N.W.2d 668, 678 (Wis. 2014). But in *State v. Allen*, the Court emphasized that "a postconviction motion for relief requires more than conclusory allegations." 682 N.W.2d at 439. Rather, it must provide "sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks." *Id.* at 446. This procedural requirement allows reviewing courts to "meaningfully assess [the defendant's] claim." *Id.* at 441 (*quoting State v. Bentley*, 548 N.W.2d 50, 55 (Wis. 1996)). In contrast, "[t]he mere assertion of a claim of manifest injustice, in this case the ineffective assistance of counsel, does not entitle a defendant to the granting of relief." *Id.* at 439 (quoting *State v. Washington*, 500 N.W.2d 331, 335 (Wis. Ct. App. 1993)). When a postconviction motion lacks such material facts, the trial court may deny the motion without an evidentiary hearing. *Id.* at 446. As a result, "if the defendant fails to allege why and how his postconviction counsel was constitutionally ineffective—that is, if the defendant asserts a mere conclusory allegation that his counsel was ineffective—his 'reason' is not sufficient" to avoid *Escalona–Naranjo*'s procedural default. *Romero-Georgana*, 849 N.W.2d at 678; *see Garcia*, 28 F.4th at 773. *Allen*'s pleading standard is an adequate and independent state procedural rule. *Triplett*, 996 F.3d at 830; *Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014); *see also Garcia*, 28 F.4th at 767 (stating "*Romero-Georgana*'s pleading standard" is an "independent and adequate state procedural ground[]").

The Wisconsin Court of Appeals held that Whyte's claim of ineffective assistance of postconviction counsel did not constitute a "sufficient reason" to excuse the procedural default under *Escalona-Naranjo* because Whyte failed to comply with *Allen*'s pleading standard. For that court, "Whyte … was

required to show both deficient performance *and* prejudice within his WIS. STAT. § 974.06 motion." But in his pleadings before the state trial court on postconviction under § 974.06, Whyte merely declared: "At a hearing, the defendant will establish that post-conviction counsel's deficient performance prejudiced him." The state appellate court decided that Whyte in his pleading "fail[ed] to establish prejudice," citing *Allen* for the proposition that "[m]otions containing only conclusory and legally insufficient allegations that postconviction counsel was ineffective are insufficient to circumvent *Escalona-Naranjo*'s procedural bar."

Before us, Whyte raises several arguments to avoid procedural default under *Allen*. First, he contends the State waived any argument that his claim of ineffective assistance of postconviction counsel was procedurally defaulted when the State failed to raise the issue in its answer opposing Whyte's federal habeas petition. Whyte cites *Lewis v. Sternes*, which states, "a petitioner's procedural default … is an affirmative defense … that the State can waive." 390 F.3d 1019, 1029 (7th Cir. 2004). *Lewis* continues: "One might infer that the State has implicitly waived a procedural default defense when it has asserted that defense as to some of the petitioner's claims but not as to the particular claim in question." *Id.* While the State in its answer raised this defense as to Whyte's stun belt and ineffective assistance of trial counsel claims, it did not raise that defense for the ineffective assistance of postconviction counsel claim.

As an initial matter, Whyte does not argue the district court erred in addressing procedural default under *Allen*. Had Whyte done so, he might have attempted to show prejudice arising from the State belatedly raising the issue. Instead,

Whyte asserts only that the State waived any defense of procedural default under *Allen*.

Yet Whyte has not shown waiver. "Some of our opinions use the terms waiver and forfeiture interchangeably, but … we need to pay attention to the difference." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019). "A defendant's failure to plead an affirmative defense may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." *Id.* Whyte does not show, and the record does not reveal, that the State knowingly and intelligently relinquished the right to assert procedural default with respect to Whyte's claim of ineffective assistance of postconviction counsel. At most, Whyte's argument suggests the State forfeited this defense.

But even forfeiture did not occur here. "We will generally find that the failure to plead an affirmative defense in the answer works a forfeiture 'only if the plaintiff is harmed by the defendant's delay in asserting it.'" *Id.* (quoting *Garofalo v. Village of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014)); *see Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) ("[W]e have held that a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result."). As explained in *Reed*, the purpose of requiring parties to plead affirmative defenses "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." 915 F.3d at 478 (quoting *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997)). "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Id.* (quoting *Venters*, 123 F.3d at 968).

Here, there was no ambush. Since the Wisconsin Court of Appeals ruled on Whyte's postconviction motion, he was aware that his claim for ineffective assistance of postconviction counsel was subject to default under *Allen*'s procedural bar. The district court also cited the State's brief opposing Whyte's habeas petition, finding that the State had raised procedural default as a response to Whyte's claim of ineffective assistance of postconviction counsel. Whyte fails to address this point before us. *See Garofalo*, 754 F.3d at 436–37 (7th Cir. 2014) (holding that district court did not abuse its discretion by allowing the defendant to raise an affirmative defense in briefing). Whyte was thus on notice of *Allen*'s procedural bar and its effect on his claims before the district court, where he had an opportunity to address the issue. Whyte has not shown that he is harmed by the State's failure to plead the affirmative defense in its answer, and his ability to raise numerous responses to the forfeiture issue on appeal indicates he is not. *See Reed*, 915 F.3d at 479.

Second, Whyte argues the state appellate court resolved his ineffective assistance of postconviction counsel claim on the merits, not on an adequate and independent state procedural ground. He points to a footnote in that court's decision in which the court stated it would "address Whyte's claims on their merits." After the court concluded that "Whyte's challenge to the effectiveness of his trial counsel fails" under *Strickland*, it also reasoned that "Whyte's derivative challenge to the effectiveness of his postconviction counsel likewise fails," which Whyte characterizes as a ruling on the merits.

Notwithstanding any footnoted comments or *Strickland* analysis, the state appellate court disposed of Whyte's claim of ineffective assistance of postconviction counsel on

procedural grounds. The first sentence of the court's discussion states: "We conclude that the claims raised in Whyte's WIS. STAT. § 974.06 motion, and repeated in his motion for sentence modification, are barred by WIS. STAT. § 974.06(4) and *State v. Escalona-Naranjo*." The court then acknowledged Whyte's assertion that his "ineffective assistance of his postconviction/appellate counsel" was "a sufficient reason for failing to properly raise his claims on direct appeal." When the state appellate court discussed the merits of this argument, it stated Whyte's postconviction motion "was required to show both deficient performance *and* prejudice," but Whyte "fail[ed] to establish prejudice" because his pleadings were "conclusory and legally insufficient" under *Allen*. Even if the court also rejected Whyte's claim as meritless, our review is foreclosed when adequate and independent state law grounds are sufficient to resolve the dispute. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("Moreover, a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

Whyte responds that the state appellate court's invocation of *Allen* does not demonstrate that it actually relied on the pleading standard as a ground for its decision. He notes correctly that the court's second citation to *Allen* mistakenly includes paragraph numbers that do not exist.[5] Whyte also argues the court's recitation of *Allen*'s pleading requirements does not show the court applied *Allen* to the facts at hand.

---

[5] The state appellate court cites "*Allen*, 274 Wis. 2d 568, ¶¶ 84-87," but *Allen* contains only thirty-six paragraphs.

Whyte compares this case to *Sanders v. Cotton*, 398 F.3d 572 (7th Cir. 2005), in which this court held that a state court's recitation of a procedural rule was insufficient to show that the court relied on that rule in reaching its decision because the court "immediately proceeded to address and decide the merits" without adding "a conclusion such as 'and Sanders' claims are waived under that standard.'" *Id*. at 579.

These arguments are unconvincing. An error in numbering paragraphs does not expunge the Wisconsin Court of Appeals' reliance on *Allen* or its analysis of this procedural rule. *Sanders* is also distinguishable from this case, as here the state appellate court concluded that, in his pleading, Whyte "fail[ed] to establish prejudice." This was followed by an explanation of *Allen*'s procedural requirement that a petitioner plead cause and prejudice in a legally sufficient and nonconclusory manner. That the conclusion of procedural default preceded rather than proceeded from an explanation of *Allen* is of no consequence.

Third, Whyte argues that even if the state appellate court relied on *Allen*, the pleading requirement does not constitute an independent state ground in this case. In his words, "[b]y holding that Mr. Whyte had failed to show prejudice within the four corners of his 974.06 motion, the Wisconsin Court of Appeals necessarily considered the substantive standards governing the prejudice prong of *Strickland*." Put another way, because that court had to examine the substance of a *Strickland* claim to know if it was sufficiently pleaded, Whyte maintains the court's *Allen* analysis is not independent from federal law.

Whyte misunderstands what constitutes an independent state ground. A state ground "is independent of federal law if

it does not depend on the *merits* of the petitioner's claim." *Triplett*, 996 F.3d at 829 (emphasis added). Whyte effectively transforms this test, asking us to find that a state ground is independent only if it does not depend on the *substance* of a petitioner's claim. That is not the test. Indeed, under Whyte's theory, it is difficult to imagine any scenario in which *Allen* would constitute an independent state ground because a Wisconsin court must always examine the substance of the underlying claim to determine whether it is sufficiently pleaded. Our court has consistently held that *Allen* constitutes an adequate and independent state law ground, even when it is applied to federal claims regarding ineffective assistance of counsel. *See, e.g., Triplett*, 996 F.3d at 830; *Lee*, 750 F.3d at 693–94; *see also Garcia*, 28 F.4th at 767.[6]

Whyte did not raise his stun belt and related ineffective assistance of trial counsel claims on direct appeal in state court. So, the Wisconsin Court of Appeals ruled that *Escalona-Naranjo* barred those claims, as well as that Whyte failed to show a "sufficient reason" to avoid procedural default because his § 974.06 motion claiming ineffective assistance of postconviction counsel was inadequate under *Allen*'s pleading standard.

Unless Whyte can show "cause" and "prejudice" for his default under *Allen*, our review is at an end. "Cause requires a showing of 'some type of external impediment' that

---

[6] Whyte cites two district court opinions to support his argument: *Singleton v. Mahoney*, No. 17-CV-898-WMC, 2021 WL 848760, at *10 (W.D. Wis. Mar. 5, 2021), and *Walker v. Pollard*, No. 18-C-0147, 2019 WL 136694, at *6 (E.D. Wis. Jan. 8, 2019). But *Walker* and *Mahoney* predate our decision in *Triplett*, where we determined that *Allen* is an adequate and independent state procedural rule. 996 F.3d at 830.

prevented [Whyte] from presenting his claims." *Garcia*, 28 F.4th at 775 (quoting *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012)). Whyte offers no external impediment that prevented him from complying with *Allen*. Nor can he blame counsel for his default, as Whyte filed his pro se postconviction motion, and "errors by counsel … cannot serve as cause to excuse [Whyte's] *own* default." *Id.* Whyte has failed to establish cause for his procedural default, and he has not attempted to show prejudice, so we need not reach that question.

Under this reasoning, we AFFIRM the judgment of the district court.