In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2558

MICAH D. STERN,

*Petitioner-Appellant,*

*v.*

MICHAEL MEISNER, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:13-cv-01376-NJ — **Nancy Joseph**, *Magistrate Judge.*

ARGUED JANUARY 4, 2016 — DECIDED FEBRUARY 9, 2016

Before BAUER, ROVNER, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Petitioner-appellant, Micah D. Stern ("Stern"), appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. A jury convicted Stern of one count of using a computer to facilitate a sex crime against a child, in violation of Wis. Stat. § 948.075(1r) (2011-12) (the "Statute"). As a result, Stern is currently incarcerated in Wisconsin on a 25-year sentence, 10 years being served in custody and the remaining 15 years on

extended supervision. Stern argues that his conviction is
unconstitutional because the Wisconsin appellate court's
unforeseeable interpretation of the belief and intent elements
of the Statute violated his due process rights by depriving him
of fair notice of such elements. Both the Wisconsin appellate
court and the district court rejected Stern's argument. For the
following reasons, we likewise reject Stern's argument and
affirm the denial of the petition and the dismissal of the case.

## I.  BACKGROUND

In December 2009, Stern posted an ad entitled "Coach
Seeking Boy" in the "Men Seeking Men" section of Craigslist.
A police investigator working undercover posed as a 14-year-
old boy named "Peter" in responding to Stern's ad. Stern and
Peter continued to communicate via e-mail and Myspace,
during which Peter repeatedly told Stern that he was 14 years
old. Ultimately, they agreed to meet in the restroom of a
McDonald's. When Stern appeared at the McDonald's at the
agreed upon date and time, the police arrested him. Police
searched Stern's car and found a box of unopened condoms
and personal lubricant.

Stern was charged with one count of using a computer to
facilitate a sex crime against a child, in violation of the Statute.
The Statute states:

> Whoever uses a computerized communication
> system to communicate with an individual who the
> actor believes or has reason to believe has not
> attained the age of 16 years with intent to have
> sexual contact or sexual intercourse with the indi-

vidual in violation of § 948.02(1) or (2) is guilty of a
Class C felony.

Wis. Stat. § 948.02 is Wisconsin's statutory rape law. Subsections (1) and (2) of § 948.02 delineate the classes of felonies for sexual assault of a child based upon the child's age. There is no intent element within these child sexual assault crimes; they are strict liability crimes. *See, e.g.*, *State v. Badzinski*, 352 Wis. 2d 329, 337, 342 (2014) (the elements of a violation of Wis. Stat. § 948.02(1)(e) are: (1) defendant had sexual contact with victim; and (2) victim was under 13 years old at time of sexual contact).

At trial, Stern's defense was that he knew Peter was really an adult based upon the language Peter used during their online communications and the "dated" photographs Peter provided. A defense expert witness testified that Stern's ad headline of "Coach Seeking Boy" reflected a dominant/ submissive relationship assumed by many homosexual couples. The jury rejected Stern's defense and found him guilty.

Stern made the same arguments in the state circuit and appellate courts[1] and the federal district court as he makes here regarding the constitutionality of the Statute. Stern argues that to be found guilty of a violation of the Statute, one must intend to have sexual contact with a minor, as the Statute provides a person uses the computer "… with intent to have sexual contact … in violation of § 948.02(1) or (2)," which are strict liability crimes. Stern further argues that given the specific

---

[1] Stern's petition for review to the Wisconsin Supreme Court was denied.

intent element (specific intent to commit statutory rape), the "reason to believe" language of the Statute can result in an unconstitutional conviction. Simply put, Stern argues that the only constitutional way a defendant may be found guilty of a violation of the Statute is if he actually believes the victim is a minor. For the Wisconsin appellate court to hold otherwise constitutes an unconstitutional "redaction of the intent requirement from the [S]tatute, depriving Stern of notice and due process." In other words, Stern argues that the Statute impermissibly allows for a conviction based only on the defendant's "reason to believe" that the victim is a minor. To Stern, this is unconstitutional because the defendant must also have the specific intent to commit statutory rape.

The district court denied Stern's habeas corpus petition and dismissed the case, finding the Wisconsin appellate court's interpretation of the Statute was not unreasonable and did not violate Stern's federal constitutional rights to due process. The district court found that the Wisconsin appellate court reasonably interpreted the plain language of the Statute, that such interpretation was not unforeseeable, and therefore, Stern's due process right to fair notice had not been violated.

## II. DISCUSSION

### A. Standard of Review

When reviewing a district court's ruling on a habeas corpus petition, we review the district court's factual findings for clear error and rulings on issues of law *de novo*. *Lechner v. Frank*, 341 F.3d 635, 638 (7th Cir. 2003) (citation omitted). Stern's petition was brought pursuant to 28 U.S.C. § 2254, which limits the issuance of a writ of habeas corpus to only those claims that

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Given the restrictions of 28 U.S.C. § 2254(d), our task is to determine whether the Wisconsin appellate court's decision "resulted from an unreasonable legal or factual conclusion." *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (citations omitted). We review "the decision of the last state court to rule on the merits of [Stern's] claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). This review is highly deferential; we review the Wisconsin appellate court's decision "for reasonableness only." *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006) (quotation and citation omitted).

The United States Supreme Court has made clear that "habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102–03 (quotation and citation omitted). Thus, Stern's burden is "difficult to meet." *Id.* at 102. He has to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. In other words, Stern must show a complete absence of reasonableness in the Wisconsin appellate court's decision. *Id*. at 98.

Our inquiry is an objective one. "[A]n 'unreasonable application' of clearly established federal law is not synonymous with an erroneous decision." *Badelle*, 452 F.3d at 654 (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000), and *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)). As such, we are charged with determining whether the Wisconsin appellate court's decision is so clearly erroneous so "as to be 'objectively unreasonable.'" *Badelle*, 452 F.3d at 654 (citations omitted). If "'fairminded jurists could disagree' on the correctness of the state court's decision," then habeas relief is precluded. *Harrington*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A state court decision is only unreasonable when it "l[ies] well outside the boundaries of permissible differences of opinion," thereby allowing the writ to issue. *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002) (citation omitted).

## B. Application

In Stern's case, because the Wisconsin appellate court's decision is not objectively unreasonable, habeas corpus relief is precluded. 28 U.S.C. § 2254(d). As is reasonable and required in interpreting the construction of a statute, the Wisconsin appellate court began by looking to the Statute's plain language. *See State ex rel. Kalal v. Circuit Court*, 271 Wis. 2d 633, 663 (2004) (citations omitted). The court found the Statute plain and unambiguous, stating: "[The Statute] is violated when the actor either believes or has reason to believe the individual is underage. Stern's proffered construction is not reasonable because it would require reading 'has reason to believe' out of the [S]tatute." The court further found that the jury was properly instructed on the elements of the crime, as the jury instruction mirrored the Statute, and the jury found beyond a

reasonable doubt that Stern had reason to believe Peter was 14 years old when they were communicating via computer.

The appellate court's reasoning and construction of the Statute is not objectively unreasonable. A person violates the Statute when he communicates, via computer, with someone he either actually (subjectively) believes or has reason to (objectively) believe is a child, intending to have sexual contact with that child. A person can violate the Statute by communicating with a child via computer, in order to have sexual contact with that child, when the person actually believes or knows that the child is in fact a child. For instance, this violation occurs when an adult, who has met the child face-to-face and believes subjectively that the child is underage, then communicates with the child via computer in order to have sexual contact with the child.

However, the Statute does not stop at actual belief. One who "has reason to believe" the child is underage may also violate the Statute. For instance, this violation occurs when an adult "meets" a child online only (rather than in person), and based upon the circumstantial evidence, such as the representations made by the child or the online interactions between the adult and child, the adult objectively "has reason to believe" that the person on the other end of the online communications is a child.

Stern raises three arguments, none of which have merit. Stern first argues that a guilty verdict based upon the objective "reason to believe" element is constitutionally impermissible given the specific intent element to violate Wis. Stat. § 948.02(1) or (2). Stern argues a guilty verdict is only permissible when

the defendant actually, subjectively believes that the child is underage. At its core, Stern's argument is one seeking codification of his trial defense. At trial, Stern argued he actually, subjectively believed that Peter was an adult. The jury chose to reject this argument.

If Stern's interpretation of the Statute were to be adopted, then every defendant charged with violation of the Statute would argue that he or she actually believed the victim was an adult, and a jury would be required to find him or her not guilty, provided the jury found the defendant's defense credible. The Statute is written to preclude such an effect. A defendant may make the same argument as Stern, but the jury may reject his argument because, despite the defense, it finds that objectively the defendant "had reason to believe" the victim was a child. Stern's argument is not one of legal construction. Rather, it is one based on evidence and credibility, which is the jury's charge. And, in Stern's case, the jury chose to reject his defense.

The district court properly found that Stern's argument, and not the reasoning of the state appellate court, is unforeseeable and unreasonable. Stern's argument would render the "reason to believe" element of the Statute superfluous. Such an interpretation is unreasonable and is to be avoided. *See, e.g.,* *Corley v. United States*, 556 U.S. 303, 314 ("one of the most basic interpretive canons" is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (citations, quotations, and brackets omitted); *United States v. Ranum*, 96 F.3d 1020, 1030 (7th Cir. 1996) (defendant's argument rejected "because it would render some of the statutory language

… superfluous, and it is well-established that 'courts should disfavor interpretations of statutes that render language superfluous'") (quoting *Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)).

Because the state appellate court's decision was not unreasonable and not unforeseeable, Stern's constitutional right to fair notice of the Statute's elements was not violated. The state appellate court's decision was not so far afield to be objectively unreasonable, constituting such an "extreme malfunction" justifying habeas corpus relief.

Second, Stern argues that the jury instruction pertaining to the charged crime allowed the jury to find him guilty without finding beyond a reasonable doubt that he actually believed Peter was underage. His argument proceeds as follows: given the specific intent element to have sexual contact with a minor, the perpetrator must have actual belief that the child is in fact underage; ergo, because the jury instruction mirrors the Statute and allows the jury to find guilt on "reason to believe" alone, it violates Stern's due process right to have guilt proven beyond a reasonable doubt on all elements (actual belief, but not reason to believe).

Given that the state appellate court's interpretation of the Statute was reasonable, Stern's argument regarding the constitutionality of the jury instruction is moot. The jury instruction correctly informed the jury of the elements of the crime: the prosecution was required to prove (1) Stern used a computerized communication system to communicate with an individual; (2) he believed or had reason to believe that the individual with whom he communicated was under the age of

16; (3) he used a computerized communication system to communicate with the individual with the intent to have sexual contact or intercourse with the individual; and (4) he performed an act, in addition to using a computerized communication system, to carry out the intent to have sexual contact or intercourse with the individual. Wis. Stat. § 948.075(1r); Wis. Stat. § 948.075(3); Wis. JI—Criminal 2135. This instruction mirrors the elements of the Statute, which we have found to be reasonably interpreted by the Wisconsin appellate court. Thus, Stern's argument regarding the instruction is meritless.

Finally, Stern argues that the state appellate court's interpretation of the Statute violates his Fourth and Fourteenth Amendment rights by criminalizing his ability to have consensual sex with adults, in violation of *Lawrence v. Texas*, 539 U.S. 558, 578 (2003). Stern argues that the state appellate court's construction of the Statute, which includes the "reason to believe" language, allows a conviction in the case of an adult communicating with an adult whom he actually believes is an adult. Stern further argues that an impermissible conviction occurred in his case because he actually believed the undercover officer was an adult and the undercover officer was in fact an adult.

But Stern misses one crucial detail that distinguishes his case from the theoretical adult communicating with an adult case. In Stern's case, the undercover officer posing as Peter unequivocally held himself out as being 14 years old by repeatedly telling Stern during their online communications that he was 14 years old. The two had conversations in which they discussed Peter's age. For instance, Peter told Stern that he was in the ninth grade, lived with his mom, and that he was

"jailbait." Stern asked Peter, "You are 18, right?" followed by a "smiley face" emoticon. Peter replied: "If you want me to lie about being 18 I'm down with that. I just don't want you to freak out when you see me, okay? I can't even get into R movies. I look my age." The jury determined, based on the evidence presented and despite Stern's defense, Stern had an objective reason to believe Peter was 14.

Stern argues that the statutory framework requires a jury to still find an adult who believed he was communicating with an adult guilty. But, as the district court noted, this result would never happen. If the jury is convinced of the defendant's credibility and believes the adult defendant was communicating with a consenting adult, then the jury would be precluded from finding the defendant guilty. But, such a scenario is not Stern's. The undercover officer posed as a 14-year-old boy. Stern had reason to believe Peter was 14 years old based upon all of the information provided to Stern by Peter. Based on the evidence, the jury found Stern had the intent to have sexual contact with someone he objectively had reason to believe was 14 years old.

Because the state appellate court's decision was not objectively unreasonable nor unforeseeable, habeas corpus relief is precluded.

### III. CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.