In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-1044

ROBERT D. LEE-KENDRICK,

*Petitioner-Appellant,*

*v.*

SCOTT ECKSTEIN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 15-CV-1117 — **Nancy Joseph**, *Magistrate Judge.*

_____

ARGUED MARCH 31, 2022 — DECIDED JUNE 28, 2022

_____

Before MANION, HAMILTON, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* A jury convicted Robert Lee-Kendrick of sexually assaulting three girls. In this appeal from a denial of his habeas petition under 28 U.S.C. § 2254, he challenges those convictions, arguing his trial and postconviction counsel provided ineffective assistance. But his claim concerning failure to call an impeachment witness was denied on an adequate and independent state-law ground, and thus is procedurally defaulted. That default is not excused by cause

and prejudice. So, federal review is foreclosed, and we affirm the district court.

## I

Robert Lee-Kendrick, a recording artist and music producer, bought a mansion in the exclusive Milwaukee suburb of River Hills. Most weekends and in the summer, some of his children and many of their friends stayed at the seven-bedroom, seven-bathroom residence which featured a pool and a recording studio.

Two girls reported that while they spent time at his house, Lee-Kendrick repeatedly sexually assaulted them, and that he did so for years there and at other locations. A third girl also said he assaulted her during a 15th birthday party for one of the other victims.

Lee-Kendrick was charged in Milwaukee County Circuit Court with multiple counts of sexual assault of three girls under the age of sixteen: his biological daughter; his girlfriend's daughter, A.W.; and a friend of A.W. Initially, he pleaded no contest to the charges, but he was later allowed to withdraw those pleas and the case went to jury trial in June 2011.

Each girl testified she was sexually assaulted by Lee-Kendrick, which he denied. He said he provided the children with things he never had growing up, but reflected that perhaps he had become too lenient. The girls were getting out of control, Lee-Kendrick said, and their accusations arose only after he started limiting activities and taking away their cell phones and allowances. There was no physical evidence linking Lee-Kendrick to the charges, so the trial outcome turned

on the jury's assessment of the witnesses' credibility.[1] The jury found Lee-Kendrick guilty of the sexual assaults, although it acquitted him of other charges. He was sentenced to 45 years of initial confinement, followed by 30 years of extended supervision. He is currently a prisoner in Wisconsin's custody.

By newly appointed postconviction counsel, Lee-Kendrick filed post-trial motions, including one for a new trial. He argued that his trial counsel provided ineffective assistance by not objecting to certain prejudicial cross-examination. The trial court denied the motions, the Wisconsin Court of Appeals affirmed, and a petition for review to the Wisconsin Supreme Court was denied.

Next, Lee-Kendrick, acting pro se, sought relief in state trial court under Wisconsin's postconviction procedure. WIS. STAT. § 974.06. He argued his postconviction counsel provided ineffective assistance by failing to raise his trial counsel's ineffectiveness in numerous ways. Among these failures was a claim that trial counsel should have called as a witness Kendrella Keeler, a friend of accuser A.W. Lee-Kendrick points to a memorandum from an investigator for the Wisconsin State Public Defender which recounted an interview with Keeler. She said—the day before A.W. reported being assaulted by Lee-Kendrick—that A.W. told Keeler of her plan to get Lee-Kendrick in trouble for coming between A.W. and her mother. According to Lee-Kendrick, the failure to call Keeler prevented A.W.'s sexual assault allegations from being fully tried because the jury could not properly evaluate A.W.'s credibility without Keeler's testimony.

---

[1] *See* Wisconsin Criminal Jury Instruction 300, Credibility of Witnesses.

The state trial court did not find Lee-Kendrick's claims procedurally barred by *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), which requires litigants to first raise claims for postconviction relief on direct appeal. Although no hearing was held, the state trial court applied the standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and addressed the substance of Lee-Kendrick's arguments. Finding them without merit, the state trial court denied his state postconviction motion in a written decision.

The Wisconsin Court of Appeals affirmed. Like the state trial court, the state appeals court relied on Wisconsin law, which provides the defendant must show that the claims postconviction counsel should have raised were clearly stronger than those that were raised. *State v. Romero-Georgana*, 849 N.W.2d 668, 679 (Wis. 2014). Although Lee-Kendrick's motion correctly identified the "clearly stronger" test, his request did not apply this measure by engaging in that comparison. The state appeals court also went beyond this omission and, like the state trial court, concluded that Lee-Kendrick's claims failed on their merits.

Lee-Kendrick claimed he was prejudiced when his trial counsel failed to call Keeler as a witness. But the state appeals court reasoned that the attorney's decision was not prejudicial because Keeler had no direct knowledge of the sexual assaults. Further, Keeler's testimony would have been inconsistent with the defense theory that A.W. fabricated allegations in a dispute about Lee-Kendrick confiscating the victims' possessions. The Wisconsin Supreme Court denied Lee-Kendrick's petition to review that decision.

Lee-Kendrick then moved to federal court and petitioned for habeas relief under 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"). Before the district court, Lee-Kendrick argued
that his trial and postconviction counsel provided ineffective
assistance in various ways. He raised the issues from his di-
rect appeal as well as from his state postconviction motion
under WIS. STAT. § 974.06. The court denied all of the claims,
although it issued a certificate of appealability on his conten-
tion that postconviction counsel was ineffective by not chal-
lenging his trial counsel's failure to call Keeler as a witness.
Lee-Kendrick appeals, and we granted his request for coun-
sel.[2]

## II

"When reviewing a district court's ruling on a habeas cor-
pus petition, we review the district court's factual findings for
clear error and rulings on issues of law *de novo*." *Stern v. Meis-
ner*, 812 F.3d 606, 609 (7th Cir. 2016). "We review questions of
procedural default de novo." *Garcia v. Cromwell*, 28 F.4th 764,
771 (7th Cir. 2022).

When our court's review of this case began, we expanded
the certificate of appealability and asked the parties to ad-
dress two procedural issues. The first is whether § 2254(i)—
which states "[t]he ineffectiveness or incompetence of counsel
during Federal or State collateral post-conviction proceedings
shall not be a ground for relief"—forecloses a claim under
WIS. STAT. § 974.02, like Lee-Kendrick's claim that his post-
conviction counsel was ineffective. The second is whether, in
any event, Lee-Kendrick has shown that his postconviction

---

[2] We thank Brian J. Paul, Esq. and Blake A. Angelino, Esq. of Faegre
Drinker Biddle & Reath LLP for accepting this appointment and for their
fine representation of Lee-Kendrick in this appeal.

counsel's performance constitutes cause to excuse any procedural default of his claim that trial counsel was ineffective.

### A. 28 U.S.C. § 2254(i) and an ineffective assistance of counsel claim under WIS. STAT. § 974.02

The first question presents an interplay between the AEDPA and Wisconsin's specific statutory procedure for postconviction review of ineffective assistance of counsel. We look to state law to determine which state postconviction proceedings are collateral and which are not. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002) ("for purposes of applying a federal statute that interacts with state procedural rules, we look to how a state procedure functions").

The answer to this first question turns on whether a claim is made on collateral or direct review. If on collateral review, then the plain text of § 2254(i) would expressly preclude relief. In *Huusko v. Jenkins*, 556 F.3d 633, 635–36 (7th Cir. 2009), this court considered whether a challenge to counsel's performance under § 974.02 was properly within the scope of federal habeas review. The concern, albeit expressed in dicta, was that in the event a § 974.02 proceeding was part of a defendant's direct appeal, prisoners across this circuit would enjoy different federal rights based on the state in which they are incarcerated. *Id.* at 636. On the other hand, if the ineffective assistance of counsel claim under § 974.02 is part of the direct appeal, § 2254(i) would not preclude review.

"In Wisconsin's postconviction process, an offender's initial step in challenging a sentence is a postconviction motion filed under Wis. Stat. § 974.02, which allows the trial court the first opportunity to consider certain challenges." *Minnick v. Winkleski*, 15 F.4th 460, 465 n.2 (7th Cir. 2021) (citing *Page v.*

*Frank*, 343 F.3d 901, 905–06 (7th Cir. 2003)). This step includes a claim for ineffective assistance of counsel. After a conviction in Wisconsin state trial court, a defendant is to initially seek postconviction relief under § 974.02 in the trial court in which the conviction was adjudicated. WIS. STAT. § 809.30. While all arguments need not be raised in this motion to preserve them for appeal, a claim of ineffective assistance of counsel must first be brought in a § 974.02 motion. *Page*, 343 F.3d at 905–06 (citing to various Wisconsin state appellate authorities). If the trial court denies the relief sought in the § 974.02 motion, the defendant may appeal. After the deadlines for filing postconviction motions under § 974.02 and for taking a direct appeal have expired, then the defendant can make a collateral attack on the judgment under § 974.06. Such a collateral challenge follows the same path as the direct appeal. *Id.* at 906. So, although an ineffective assistance of counsel motion under § 974.02 is part of the postconviction process, it is not a collateral proceeding. Rather, it is part of a direct appeal.

We have yet to decide this first question in a published decision. But in an unpublished order, this court understood that a § 974.02 motion was a step toward a defendant's direct appeal, rather than a collateral attack.[3] The district court here discussed this history and correctly assumed, without deciding, that § 2254(i) did not bar Lee-Kendrick's claim of ineffective assistance of postconviction counsel. The parties also agree that § 2254(i) does not bar Lee-Kendrick's claim.

Under Wisconsin's postconviction statutory protocol, a claim of ineffective assistance of counsel under WIS. STAT.

---

[3] *London v. Clements*, 600 F. App'x 462 (7th Cir. 2015) (citing *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014)).

§ 974.02 is part of a direct appeal rather than a request for collateral review. We hold therefore that 28 U.S.C. § 2254(i) does not foreclose an ineffective assistance of counsel claim under WIS. STAT. § 974.02, such as Lee-Kendrick's.

## B.  Procedural Default

The second question on which this court issued a certificate of appealability concerns Lee-Kendrick's claim that his postconviction counsel should have challenged the effectiveness of trial counsel for failing to call Keeler to impeach A.W. The State contends this claim is procedurally defaulted because the denial of Lee-Kendrick's postconviction motion by the Wisconsin Court of Appeals rested on an adequate and independent state-law ground—specifically, the procedural bar recognized in *Escalona-Naranjo*.

"[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021). For a procedural default, a state appeals court must have "clearly and expressly" relied on that state procedural bar. *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014).

Adequacy requires that the state-law ground be "firmly established and regularly followed" and not applied in a way that imposes "novel and unforeseeable requirements without fair or substantial support in prior state law" or "discriminate[s] against claims of federal rights." *Garcia*, 28 F.4th at 775 (quoting *Clemons v. Pfister*, 845 F.3d 816, 820 (7th Cir. 2017)). "A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its

disposition of the case." *Id.* at 774 (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)).

"When a state court rejects a prisoner's challenge to his conviction on an independent and adequate state-law ground, 'principles of comity and federalism dictate against upending the state-court conviction' and the federal claim is deemed procedurally defaulted." *Id.* at 771 (quoting *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)). "Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" *Id.* (quoting *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010)).

Here, the district court concluded that Lee-Kendrick's ineffective assistance of postconviction counsel claims were not procedurally defaulted. *Escalona-Naranjo*'s bar has been recognized as an adequate and independent state-law ground for procedural default, that court acknowledged. But the district court read *Page*, 343 F.3d at 909, as ruling that *Escalona-Naranjo* does not preclude federal review of a defendant's claim that postconviction counsel was ineffective for failing to raise deficiencies in trial counsel's representation. The parties dispute the scope of this court's rulings in *Page*, and thus whether the district court could correctly rely on that decision to conclude that procedural default does not bar Lee-Kendrick's claims of ineffective assistance of postconviction counsel.

But that debate falls to the side after *Garcia*. There, we recently considered this exact question of whether the *Escalona-Naranjo* requirement—that claims for postconviction relief must first be raised on direct appeal—can be an adequate and independent state-law ground for procedural default. In *Garcia*, this court reasoned:

> [U]nder section 974.06(4) and *Escalona-Naranjo*, all available claims for postconviction relief must be raised in a first postconviction motion under section 974.02 or on direct appeal. The statute preserves a narrow gateway to merits review of a defaulted federal claim. To pass through it, a prisoner must establish a "sufficient reason" for not bringing the claim earlier. Ineffective assistance of postconviction counsel may be a sufficient reason, but [*State v.*] *Allen* [786 N.W.2d 124 (2010)] and [*State v.*] *Romero-Georgana* establish an additional procedural requirement—in the form of a special pleading burden—when a prisoner's section 974.06 motion raises ineffective assistance of postconviction counsel as a reason to excuse his procedural default.

28 F.4th at 773–74.

The state appeals court had rejected Garcia's second postconviction motion based on the *Escalona-Naranjo* bar and Garcia's failure to satisfy *Romero-Georgana*'s pleading standard for overcoming procedural default. Those were adequate and independent state procedural grounds, this court ruled, so federal review was barred unless Garcia could establish cause for and prejudice from his default, which he did not. *Id*. at 767. *Garcia* thus stands for the proposition that the procedural bar of *Escalona-Naranjo* is an adequate and independent state-law ground that bars federal review.

The Wisconsin Court of Appeals decided that Lee-Kendrick's claims were barred under the *Escalona-Naranjo* rule. The state appeals court "clearly and expressly" relied on

that state procedural rule when it concluded that Lee-Kendrick had not sufficiently alleged that his unraised issues were clearly stronger than those he raised on direct appeal. Lee-Kendrick did not apply the correct analysis, and instead of comparing the new issues to those originally raised, he offered only a conclusory assertion.

The state appeals court's decision relying on *Escalona-Naranjo* rests on adequate and independent state-law grounds. We have previously recognized the adequacy of that case's rule. *Garcia*, 28 F.4th at 775 (concluding *Escalona-Naranjo* is "firmly established and regularly followed" rule of Wisconsin postconviction procedure); *see Whyte v. Winkelski*, 34 F.4th 617, 624 (7th Cir. 2022); *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002) (this court "has recognized the *Escalona-Naranjo* rule as an adequate state ground").

The rule is also an independent state-law ground. The state appeals court's actual reliance on the rule did not depend entirely on the merits of any federal issue. *See Rodriguez v. McAdory*, 318 F.3d 733, 736 (7th Cir. 2003) (concluding state law procedural ruling is independent for federal habeas purposes unless it was "entirely dependent on the merits"). Rather, that reliance depended on Lee-Kendrick's failure to sufficiently develop his claim of ineffective assistance of counsel on direct appeal. The state appeals court invoked the *Escalona-Naranjo* rule as an independent conclusion, although that court also ruled that Lee-Kendrick's claims failed on the merits.

On this specific issue, then, we disagree with the district court's conclusion. The claims not raised in Lee-Kendrick's direct appeal were ultimately procedurally barred by *Escalona-Naranjo*, which rests on adequate and independent state-law

grounds. That procedural default thus bars Lee-Kendrick's claims from habeas review.

An exception exists to this bar, though, if the defendant "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Davila*, 137 S. Ct. at 2064–65. "'Cause' is an objective factor external to the defense that impeded the presentation of the claim to the state courts." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (quoting *Davila*, 137 S. Ct. at 2065). "A factor is 'external to the defense' only if it 'cannot fairly be attributed to' the prisoner." *Id.* (quoting *Coleman*, 501 U.S. at 753); *see Garcia*, 28 F.4th at 775.

We note first that Lee-Kendrick brought his § 974.06 petition pro se, which is when the procedural default occurred for his claim of ineffective assistance of counsel in the § 974.02 proceeding. Yet, he cannot claim cause and prejudice based on his own failure to comply with Wisconsin's pleading rule. *Garcia*, 28 F.4th at 775 ("errors by counsel in the first round of postconviction proceedings cannot serve as cause to excuse Garcia's *own* default in the second") (footnote omitted). Still, we address the merits of Lee-Kendrick's claims under § 974.06 of ineffective assistance of his trial counsel and his postconviction counsel because the Wisconsin Court of Appeals did so.

"An error amounting to constitutionally ineffective assistance is 'imputed to the State' and is therefore external to the prisoner." *Davila*, 137 S. Ct. at 2065 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Lee-Kendrick argues his trial counsel was ineffective for failing to call witness Keeler, and that his postconviction counsel's failure to raise that claim in the state

trial court's § 974.02 proceeding constitutes the cause to excuse any procedural default of that claim.

Whether an attorney's ineffective assistance is sufficient to overcome a procedural default is evaluated under the familiar test of deficient performance and prejudice from *Strickland*. *Coleman*, 501 U.S. at 752. For a claim of ineffective assistance of appellate counsel, the deficient performance requirement is not satisfied unless the unraised claim "was plainly stronger than those actually presented to the appellate court." *Davila*, 137 S. Ct. at 2067. The same "clearly stronger" standard applies for the claim that postconviction counsel was ineffective in selecting the issues for appeal. *Romero-Georgana*, 849 N.W.2d at 679.

Lee-Kendrick submits he meets this standard because witness Keeler was not called, even though all agree the case turned on the believability of the witnesses. To Lee-Kendrick, that makes his claim "clearly stronger" than the claims his postconviction counsel raised on direct appeal that his trial counsel was constitutionally ineffective for:

- failing to object to the State questioning Lee-Kendrick's ability to pay for his house and his affiliation with a known drug dealer; and
- failing to adequately impeach the testimony of two of the victims.

But Lee-Kendrick's contention does not persuade. Keeler's statement to an investigator for the public defender about two years before trial shows Keeler believed accuser A.W. was lying about accusing Lee-Kendrick of sexual assault. Yet, the investigator's memo says Keeler "thought [A.W.] was just saying something," and Keeler "thought nothing of it when

[A.W.] said she was going to call the police on" Lee-Kendrick. Keeler told the investigator she was not an eyewitness to any of the accusations, she was not familiar with one of the accusers, and she said "the situation had nothing to do with her." Keeler also had no knowledge of other girls asking A.W. to accuse Lee-Kendrick of sexual assault. Even more, Keeler's putative testimony—that A.W. wanted to get Lee-Kendrick in trouble for coming between A.W. and her mother—was inconsistent with the principal theory of defense at trial, which was that the girls' accusations were responses to Lee-Kendrick's discipline of limiting their activities and taking away their allowances and cell phones.

Further, as argued by Lee-Kendrick's postconviction counsel before the Wisconsin Court of Appeals, how the defendant financed his River Hills mansion was significant to the jurors. They asked for a copy of Lee-Kendrick's trial testimony and specifically wanted to know where he got the money to purchase the house. And reference to Lee-Kendrick's connection to a major criminal, Michael Lock, was prejudicial because it portrayed him as part of a dangerous crime organization. Failure to object to questions posed to Lee-Kendrick on these topics formed the basis of a substantial (albeit unsuccessful) claim of ineffective assistance of trial counsel.

The Keeler witness claim Lee-Kendrick wanted his postconviction counsel to raise about his trial counsel is at best equivalent to—and not clearly stronger than—those arguments raised on direct appeal. So, he has not satisfied *Strickland*'s deficient performance prong, and he has not shown cause, or the "external impediment" that prevented him from presenting this claim. *Garcia*, 28 F.4th at 775. Lee-Kendrick

also has not attempted to show prejudice, so we need not reach that question. *See Whyte*, 34 F.4th at 628. Absent cause and prejudice, his claim remains procedurally defaulted, and federal habeas review ends.

Given this reasoning, we do not review the district court's merits conclusion that the state court correctly denied Lee-Kendrick relief on the Keeler witness claim, and we need not reach Lee-Kendrick's request for an evidentiary hearing.

### III

Lee-Kendrick claims ineffective assistance of counsel for an impeachment witness not being called at his 2011 jury trial for sexual assaults. Such a claim under WIS. STAT. § 974.02 is part of a direct appeal and not foreclosed by 28 U.S.C. § 2254(i). But his claim is procedurally defaulted because the Wisconsin Court of Appeals denied his postconviction motion on an adequate and independent state-law ground—the rule under Wisconsin law from *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), that litigants must first raise claims for postconviction relief on direct appeal. Lee-Kendrick has not established cause for and prejudice from this procedural default. So, federal review is foreclosed of Lee-Kendrick's petition for habeas relief. For these reasons, we AFFIRM the district court's decision and order.