In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3797

RODNEY CLEMONS,

*Petitioner-Appellant,*

*v.*

RANDY PFISTER, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12-cv-860 — **Sharon Johnson Coleman**, *Judge.*

ARGUED JANUARY 11, 2016 — DECIDED JANUARY 9, 2017

Before EASTERBROOK, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* In 2005 an Illinois jury convicted
Rodney Clemons of murdering Doris Smith, his former girl-
friend and mother of his infant son. After an unsuccessful
appeal and postconviction proceedings in state court,
Clemons sought federal habeas review under 28 U.S.C.
§ 2254. He raised several claims, but only one is relevant
here. Clemons argues that his trial attorney was constitu-
tionally ineffective in violation of the rule of *Strickland v.*

*Washington*, 466 U.S. 668 (1984), for failing to call an alibi witness. The Illinois Appellate Court declined to consider this claim because Clemons raised it only in a pro se reply brief, which the court refused to accept because he was represented by counsel. The district judge concluded that the claim was procedurally defaulted. But she also addressed the merits of the *Strickland* claim and denied it.

We affirm on the first ground. Procedural default precludes federal merits review of Clemons's *Strickland* claim.

## I. Background

Doris Smith was shot and killed near her Chicago home in the early morning hours of August 26, 2011. Her attacker chased her down an alley and onto the street, firing shots as she fled begging for her life and screaming for help. Two shots hit their mark. Smith died of gunshot wounds to the hip and upper back.

Rodney Clemons was Smith's on-again/off-again boyfriend and the father of her infant son. Several eyewitnesses identified him as the shooter, and Chicago police arrested him later that day. After lineups and some additional investigation, Cook County prosecutors charged Clemons with Smith's murder and a related count of using a firearm to commit that crime. A jury convicted him as charged, and the trial judge sentenced him to 45 years in prison.

After an unsuccessful direct appeal, Clemons filed a pro se postconviction petition in the trial court. He raised several claims, including an argument that his trial counsel was constitutionally ineffective in violation of *Strickland* for failing to call Andre Smith as an alibi witness. Clemons submitted an affidavit from Smith, his friend and would-be alibi witness,

together with his postconviction petition.[1] But the affidavit was difficult to read and ended abruptly in the middle of the page as if a piece of paper covered the bottom half of the page while it was being photocopied.

The trial judge rejected Clemons's various claims for relief. Regarding the *Strickland* claim about the omitted alibi witness, the judge held that Clemons had failed to make the required factual showing because he did not submit appropriate affidavits from potential witnesses and "failed to explain the significance of their testimony."

Clemons moved for reconsideration, reiterating his claim about the overlooked alibi witness. This time he attached a clearly legible version of Smith's affidavit. The judge construed this filing as an improper successive petition for post-conviction relief and denied it. An exception exists under Illinois law if the prisoner can demonstrate cause for his failure to bring the claim in his first petition and resulting prejudice. Clemons demonstrated neither, so the exception did not apply.

Clemons was represented by counsel on his appeal from the denial of his postconviction petition. His attorney briefed a single claim regarding an evidentiary error. Clemons filed a pro se motion to supplement his counsel's brief; the motion sought to add, among other things, the *Strickland* claim regarding trial counsel's failure to call Smith as an alibi witness. Clemons also moved for leave to file a pro se reply

---

[1] Andre Smith is apparently unrelated to Doris Smith. In his affidavit he stated that he was with Clemons during the time period of the murder, though he acknowledged that Clemons left his company for "a few minutes" in this period.

brief raising that claim, tendering a proposed pro se brief with the motion. The court issued an order saying it would take the pro se motions with the merits of the appeal.

In due course the court issued a reasoned merits order addressing only the arguments raised in Clemons's counseled briefs and affirming the denial of postconviction relief. No mention was made of Clemons's motions. Before the final mandate issued, the court issued a confusing order saying that Clemons's motion to file a pro se supplemental brief was denied but his motion for leave to file a pro se reply brief "is allowed." The court later issued a clarifying order explaining that the motion to file a pro se reply brief was denied, not "allowed" as the earlier order had stated. This order clearly explained that the court had considered *only* Clemons's *counseled* briefs in rendering its opinion. The Illinois Supreme Court denied leave to appeal.

The case then moved to federal court. Clemons's petition for habeas review under § 2254 raised several issues, including the *Strickland* claim regarding his trial counsel's failure to call Smith, the alibi witness. The district judge held that Clemons had procedurally defaulted this claim by failing to submit appropriate affidavits in support of it with his state postconviction petition. The judge also held, however, that the claim "would … fail on the merits because Clemons cannot meet either of the *Strickland* requirements." The judge rejected all other grounds for relief and denied the petition in its entirety.

We granted a certificate of appealability limited to the *Strickland* claim regarding the omitted alibi witness.

**II. Discussion**

We review a ruling on procedural default de novo. *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016). Procedural default can occur in several ways, "but two are paradigmatic." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A state prisoner can procedurally default a federal claim if he fails to "fairly present" it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Id*. (quotation marks omitted); *see also Thomas*, 822 F.3d at 384.

This case involves the second form of procedural default. The state trial and appellate courts relied on two distinct and different procedural grounds in declining to reach the merits of Clemons's alibi-witness claim. The trial judge said that Clemons had failed to comply with the procedural rule requiring the submission of supporting affidavits with his petition for postconviction relief. The appellate court, on the other hand, refused to address the claim because it was raised only in Clemons's pro se reply brief, which the court declined to accept because he was represented by counsel.

The district judge held that the trial court's reliance on the Illinois affidavit rule was an independent and adequate state ground sufficient to support a finding of procedural default. The record is hazy on this point. Clemons in fact *did* submit an affidavit from Smith with his postconviction petition. True, it was difficult to read and incomplete (apparently owing to a photocopying error), but Clemons cured that

defect by submitting a complete and legible copy of the affi-davit with his motion for reconsideration.

We don't need to sort this out here. Illinois doesn't rely on the trial judge's application of the affidavit rule. Instead, it focuses exclusively on the state appellate court's enforcement of its rule against hybrid representation. In other words, Illinois locates the procedural default in the appellate court's discretionary refusal to consider the alibi-witness claim because it was mentioned only in Clemons's pro se reply brief, which the court declined to accept because he was represented by counsel.

The Supreme Court has explained that a state substantive or procedural rule—including a discretionary procedural rule like this one—"can serve as an adequate ground to bar federal habeas review." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009)). For a state-law ground to be "adequate," it must be "firmly established and regularly followed." *Id.* at 316 (quoting *Kindler*, 558 U.S. at 60). And it must not have been applied in a manner that "impose[s] novel and unforeseeable requirements without fair or substantial support in prior state law" or "discriminate[s] against claims of federal rights." *Id.* at 320–21 (quotation marks omitted).

Clemons argues that the Illinois rule disfavoring hybrid representation discriminates against claims of federal rights. He doesn't suggest that the rule itself is discriminatory; rather, he simply notes that the application of the rule in his case made it more difficult for him to present his federal claims to the state court for adjudication. But that happens any time a state court relies on a procedural rule to reject a federal claim. A state procedural rule discriminates against

federal rights—and is thus "inadequate"—only if the prisoner can show a "purpose or pattern to evade constitutional guarantees." *Kindler*, 558 U.S. at 65 (Kennedy, J., concurring), *quoted approvingly in Walker*, 562 U.S. at 321. Clemons has not made this showing here.

Clemons also argues that the state appellate court applied the rule against hybrid representation in a novel and unforeseeable way that was sufficiently "freakish" to render it inadequate to justify a finding of procedural default. *Walker*, 562 U.S. at 320 (quoting *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990)). This argument centers on the appellate court's decision to take the pro se motions with the merits of the appeal. Clemons had a difficult choice: He could stick with his counseled briefs, which didn't mention the alibi-witness claim, or fire his attorney and submit his pro se brief, which raised the alibi-witness claim. The choice was made all the more difficult, Clemons says, because the court deferred ruling on his pro se motions and instead took them with the merits of the case. By the time the court ruled, it was too late to fire his counsel and represent himself.

But it's not at all uncommon for an appellate court to fold a motion into the final merits disposition. In Illinois, as elsewhere, appellate courts regularly take motions with the merits. *See, e.g., People v. Guest*, 503 N.E.2d 255, 274 (Ill. 1986) (taking a motion to supplement the record under advisement); *People v. Pierce*, 325 N.E.2d 758, 766 n.2 (Ill. App. Ct. 1975) (taking a motion to strike a portion of the reply brief under advisement). Clemons was surely aware of the dilemma he faced: He could dispense with his counseled briefs and represent himself to ensure that his preferred arguments were raised, or he could roll the dice and hope that the court

would make an exception to the rule against hybrid representation and accept his pro se supplemental brief. There was nothing unusual or unfair about putting him to this choice.

In the end, the state appellate court applied its general rule that hybrid representation is disfavored and declined to accept Clemons's pro se brief because he was represented by counsel. That was an independent and adequate state ground of decision and precludes federal habeas review of Clemons's *Strickland* claim.

AFFIRMED.