In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-2166

JOSEPH C. BOOKER,

*Petitioner-Appellant,*

*v.*

TYRONE BAKER, Warden,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division
No. 1:10-cv-03995 — **Charles P. Kocoras**, *Judge.*

_____

ARGUED APRIL 4, 2023 — DECIDED JULY 26, 2023

_____

Before EASTERBROOK, WOOD, and HAMILTON, *Circuit Judges*.

WOOD, *Circuit Judge*. Joseph Booker was found guilty by an Illinois court of first-degree murder, for which he received a sentence of 55 years in prison. After unsuccessfully challenging his conviction on direct review, he tried a petition for postconviction relief. At the latter stage, he was represented by Illinois Assistant Appellate Defender Byron Reyna. Booker wanted Reyna to argue that his trial counsel was

constitutionally ineffective, but Reyna declined to do so. Not satisfied, Booker filed a *pro se* supplemental brief raising the ineffective assistance of trial counsel claim. The Illinois Appellate Court rejected Booker's *pro se* brief because of the state's rule against hybrid representation.

In the end, Booker failed to secure postconviction relief. His next step was to file a federal habeas corpus petition under 28 U.S.C. § 2254, in which he contended (among other things) that his trial counsel was ineffective. The district court declined to disturb the state court's ruling because the claim was procedurally defaulted. Booker's attempt to raise his Sixth Amendment argument in his *pro se* brief fell afoul of the state's general rule against hybrid representation, and so the claim was never properly before the state courts. We affirm.

**I**

In 2002 Booker was indicted for the murder of Charles Riles. Represented by attorney Robert Kuzas, Booker claimed innocence at trial, but the jury found him guilty of first-degree murder. The Illinois circuit court sentenced him to 55 years in prison, and the conviction and sentence were affirmed on direct appeal.

Booker then filed a *pro se* postconviction petition in state circuit court. Two of his arguments there are of concern to us: first, an actual-innocence claim; and second, an assertion that Kuzas provided constitutionally ineffective assistance of counsel at trial. The circuit court summarily dismissed this petition, but the state appellate court reversed and remanded, reasoning that Booker's actual-innocence claim potentially had merit. On remand, Booker (still proceeding *pro se*) reasserted his ineffective assistance of counsel claim.

Although Booker properly had raised the ineffectiveness claim both in his initial petition and on remand, the circuit court mistakenly held on remand that Booker had "waived any allegations regarding incompetency of counsel." But it then went on to state that "even if there wasn't waiver, looking at the individual allegations and applying *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] to [the] allegations of incompetency of counsel, defendant's arguments fail[.]" Booker moved to reconsider the dismissal, but the court denied the motion on the merits because he failed to show either deficient performance or prejudice. The court then held an evidentiary hearing and dismissed Booker's actual innocence claim.

Booker appealed, this time represented by Illinois Assistant Appellate Defender Byron Reyna. Reyna informed Booker in a letter that Reyna intended to focus on only two issues: actual innocence and improper destruction of evidence. Booker pushed back hard, telling Reyna that he wanted to raise thirteen issues, including Kuzas's ineffective assistance at trial. Booker explicitly stated, "I do not wish to waive any of my issues, I do not wish to have any of my issues procedurally defaulted and barred from federal review." Reyna responded, "Even if I do not raise those claims on appeal, you may still be able to preserve them for federal review." Reyna cited two unpublished decisions from the Northern District of Illinois, which held that a defendant's attempt to file a *pro se* supplemental brief in Illinois courts sufficiently preserved an ineffective assistance claim for federal review. "[I]f the federal court declines to follow the above-cited cases and finds that your ineffective assistance claims are procedurally defaulted," Reyna continued, "you could try

to use your actual innocence as a 'gateway' to overcoming forfeiture and raising ineffective assistance claims."

Booker could have discharged Reyna as counsel and proceeded *pro se* to raise his preferred claims. But emboldened by Reyna's legal advice, he chose to try his luck instead. He sent Reyna a motion for leave to file a *pro se* supplemental brief, in which he argued (along with the rest of his numerous claims) that Kuzas had been ineffective at trial. In the motion, Booker acknowledged that "generally, Illinois courts do not allow hybrid representation." As planned, Reyna first filed a brief on Booker's behalf raising the actual innocence and improper destruction of evidence points. Reyna then forwarded Booker's *pro se* motion and brief to the Illinois Appellate Court, as required by state court rules. The appellate court denied the motion for leave to file, explaining that it was doing so "because of representation by counsel." It then affirmed the trial court's judgment.

To exhaust the state postconviction proceedings, Reyna filed a petition for leave to appeal with the Illinois Supreme Court. And Booker, intent on having his preferred claims heard somewhere, filed a *pro se* supplemental petition for leave to appeal; in it, he raised Kuzas's ineffective assistance once more. Like the appellate court, the state supreme court declined to accept the *pro se* filing because Booker already had "legal representation in this Court [and could not] personally file any documents in this case … . [T]he Supreme Court has held that a defendant has no right to both self-representation and the assistance of counsel." The court denied the petition filed by Reyna.

Booker then filed a *pro se* petition in the federal district court for habeas corpus relief pursuant to 28 U.S.C. § 2254. In

it, he asserted actual innocence and ineffective assistance of trial counsel (along with other claims). The district court held that the ineffective-assistance claim was procedurally defaulted, reasoning that Illinois courts did not violate any federal rule when they denied his attempt to raise the issue in a *pro se* supplemental brief. The court cited *Clemons v. Pfister*, 845 F.3d 816 (7th Cir. 2017), where we held that Illinois's rule against hybrid representation is an adequate and independent procedural ground to bar federal review. The court also held that Booker's default could not be excused on actual innocence grounds.

After Booker filed a notice of appeal, we appointed counsel to represent him, issued a certificate of appealability, and instructed the parties to address the ineffective assistance of trial counsel claim, first from the standpoint of procedural default and then on the merits.

## II

We begin with procedural default—a question that we review *de novo*. *Lee v. Davis*, 328 F.3d 896, 899 (7th Cir. 2003). If the district court correctly found that Booker has defaulted his ineffective-assistance argument, the appeal is over; if not, we would proceed to the merits.

## A

In Illinois, "a defendant does not have the right to both self-representation and the assistance of counsel[.]" *People v. Barrow*, 255 Ill. Dec. 410, 431 (2001) (citing *People v. McDonald*, 168 Ill. Dec. 125, 131 (1995)). Based on this procedural rule against hybrid representation, the Illinois courts here rejected Booker's attempt to raise Kuzas's alleged ineffective assistance at trial in Booker's *pro se* supplemental brief. Only

Reyna, Booker's lawyer, could represent Booker in the appellate court, and Reyna's evaluation of the claim caused him to decide not to pursue it. Procedural default "can … occur if the state court rejects a federal claim based on a state procedural rule 'that is both independent of the federal question and adequate to support the judgment.'" *Clemons*, 845 F.3d at 819 (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). Booker's theory on appeal is that the rule against hybrid representation is not adequate to support the state court's judgment because Illinois courts have not applied it consistently.

Adequate state rules can support procedural default if they are "firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). In contrast, state procedural rules do not preclude federal review "when 'discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law.'" *Walker v. Martin*, 562 U.S. 307, 320 (2011) (quoting 16B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4026 (2d ed. 1996)). For example, procedural rules are not adequate if they are not applied in a "consistent and principled way," *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003) (quoting *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000)), or if they are applied in "unexpected[] or freakish[]" ways that discriminate against claims advancing federal rights, *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

Booker's position that Illinois's rule against hybrid representation falls on the "novel and unforeseeable" side of the line falls flat in light of our decision in *Clemons v. Pfister*, *supra*. There, the defendant attempted to raise an ineffective-assistance claim in a *pro se* reply brief in state postconviction

proceedings. The Illinois courts, however, declined to accept the filing because he was represented by counsel. The federal district court then rejected the defendant's habeas corpus petition because he had procedurally defaulted his claim. We affirmed, holding in no uncertain terms that "the state appellate court applied its general rule that hybrid representation is disfavored … . That was an independent and adequate state ground of decision [that] precludes federal habeas review of Clemons's *Strickland* claim." *Clemons*, 845 F.3d at 820. Booker attempts to distinguish *Clemons* on the ground that we did not address whether Illinois courts apply the rule consistently. But our holding was not so narrow; our conclusion that the "general rule" was an adequate ground implies that it was consistently applied. See *id.*

In any case, we are not in the business of "[s]earching for 'regularity' in the state's employment of excuses and exceptions[, which] would embroil the federal court deeply in questions of state law and procedure." See *Prihoda*, 910 F.2d at 1384. Instead, Booker faced the daunting task of showing that Illinois courts have "regularly *dis* regarded [*sic*] [the procedural rule,] or [that it has] been manufactured for the occasion … ." *Id.* He has not done so.

Booker points to a few cases where Illinois courts exercised their discretion to allow some defendants to file *pro se* briefs while represented. But a discretionary rule can nonetheless furnish an adequate ground and "ought not be disregarded automatically upon showing of seeming inconsistencies." *Walker*, 562 U.S. at 320. "Discretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule." *Id.* (citing *Prihoda*, 910 F.2d at 1385). That

Illinois courts have not applied the rule in a "draconian" fashion does not mean that it is not "solidly established." See *Prihoda*, 910 F.2d at 1384–85.

Booker also cites cases involving two well-established exceptions to the general rule against hybrid representation: (1) capital cases where a "defendant's life is at stake," *People v. Gacy*, 125 Ill. Dec. 770, 776 (1988); and (2) post-trial claims of ineffective assistance of trial counsel, "which allow[] a criminal defendant acting pro se to bring his trial counsel's ineffectiveness to the attention of the trial court either orally or in writing," *Crutchfield v. Dennison*, 910 F.3d 968, 977 (7th Cir. 2018) (citing *People v. Ayres*, 417 Ill. Dec. 580, 584 (2017)). Consistently applied exceptions, however, do not render the general rule "inadequate."

## B

Booker next argues that, even if his claim is procedurally defaulted, the default should be excused. We may excuse procedural default if a petitioner "can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 528 (2017) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977) and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). We need not decide whether Booker suffered actual prejudice because he failed to show cause to excuse his default.

"'Cause' is an objective factor external to the defense that impeded the presentation of the claim to the state courts." *Crutchfield*, 910 F.3d at 973 (citing *Davila*, 582 U.S. at 528). "A factor is 'external to the defense' only if it 'cannot fairly be attributed to' the prisoner." *Id*. (quoting *Coleman*, 501 U.S. at

753). Booker contends that his first opportunity to argue ineffective assistance of *trial* counsel (*i.e.*, Kuzas) was on appeal in state postconviction proceedings. Because Booker wanted to preserve that claim for federal habeas corpus review, he argues that Reyna should have told him that "his best option was to discharge appointed counsel and proceed *pro se*."

"It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." *Davila*, 582 U.S. at 528. Here, Booker in substance is raising a claim of ineffective assistance of *postconviction* counsel (*i.e.*, Reyna), which he would like to use as cause to excuse his procedural default.

Booker's frustration with Reyna's performance was warranted. Reyna relied on two unpublished district court opinions to advise Booker that "[he] may still be able to preserve [his claims] for federal review." Reyna rendered that advice before we issued *Clemons*, and so, at a stretch, it was not obviously wrong. But he failed to explain that Booker's chances of succeeding were exceedingly small. Had he added this point, Booker would have been able to make a fully informed decision. Nonetheless, we express no opinion on whether this would qualify as ineffective assistance under the Sixth Amendment because, even assuming Reyna erred, Booker had no constitutional right to postconviction counsel in the first place. "Because there is no Sixth Amendment right to counsel on collateral review, attorney error in postconviction proceedings is not cause to excuse a procedural default." *Crutchfield*, 910 F.3d at 973 (citing *Davila*, 582 U.S. at 528).

We recognize that the Supreme Court carved out a limited exception to this rule in *Martinez v. Ryan*, 566 U.S. 1 (2012),

which held that "where state law *requires* prisoners to raise *Strickland* claims on collateral review, a procedural default at that stage will not preclude a federal court from hearing the claim if 'there was no counsel or counsel in that proceeding was ineffective.'" *Crutchfield*, 910 F.3d at 974 (citing *Martinez*, 566 U.S. at 17). Later, "in *Trevino v. Thaler*[, 569 U.S. 413 (2013)], the Court extended the *Martinez* exception to § 2254 proceedings in states that do not forbid prisoners from presenting *Strickland* claims on direct review but 'as a matter of procedural design and systemic operation, den[y] a meaningful opportunity to do so.'" *Crutchfield*, 910 F.3d at 974 (second alteration in original) (quoting *Trevino*, 569 U.S. at 429).

Booker contends that the *Martinez-Trevino* exception applies here. He asserts that his first realistic opportunity to raise the ineffectiveness of his trial counsel was on state post-conviction appeal; Reyna's failure to advise him properly at that stage was thus a violation of his Sixth Amendment rights. But we held in *Crutchfield v. Dennison* that the *Martinez-Trevino* exception is not available in Illinois:

> [Illinois] permits *Strickland* claims on direct review, and the Illinois Supreme Court has neither directed criminal appellants to save all such claims for collateral review nor warned against raising them on direct appeal. Moreover, Illinois defendants may expand the record on direct appeal by raising a *Strickland* claim in a posttrial motion and developing the factual record at an evidentiary hearing.

*Id.* at 976. *Crutchfield* thus forecloses Booker's attempt to rely on the *Martinez-Trevino* exception.

Even if the exception did apply in Illinois to some unusual and unforeseen circumstances, it would not be available here.

Booker's first practicable opportunity to raise the claim was *not* on postconviction appeal (when Reyna represented him). Rather, Booker properly alleged that his trial counsel was ineffective in his *pro se* postconviction petition in the circuit court. That court rejected the claim three times—first summarily, then on remand, and finally in a motion for reconsideration. Booker makes much of the fact that the circuit court incorrectly held (on remand) that he had waived the claim. True enough. But the court went on to state that "even if there wasn't waiver, … defendant's arguments fail." The court again addressed the merits of the claim when it denied Booker's motion for reconsideration. Because Booker took advantage of his first opportunity to raise the claim in postconviction proceedings, Reyna's alleged ineffective assistance would not have violated his Sixth Amendment rights.

\*       \*       \*

Ultimately, Booker must bear the consequences of his decision. Even if Reyna's advice was not entirely accurate regarding his chances of success, Booker had proceeded *pro se* in the past and knew that he could do so again. As we explained in *Clemons*, Booker

> could dispense with his counseled briefs and represent himself to ensure that his preferred arguments were raised, or he could roll the dice and hope that the court would make an exception to the rule against hybrid representation and accept his pro se supplemental brief. There was nothing unusual or unfair about putting him to this choice.

See 845 F.3d at 820.

> We AFFIRM the district court's judgment.